## Elk Brewing Company, Appellant, *v.* Neubert.

*Corporations—Officers—Two corporations with same treasurer.*

Two corporations, if they so choose, may have the same person act as the treasurer of each. In so doing, however, the relations, duties and liabilities of the two corporations are in no way changed, and are just the same as if a different individual had acted as treasurer of the respective companies.

If the treasurer of a brewing company who is also the treasurer of a trust company, opens an account in the trust company with the brewing company's moneys, and misappropriates such moneys, the trust company cannot in the absence of fraud or collusion on its part be held liable for the moneys misappropriated.

Where the president of a brewing company is also a director of a trust company, the trust company cannot by reason of this fact alone, without evidence of fraud or collusion, be held liable to the brewing company for a loss resulting to the latter from the misfeasance of its president.

*Equity—Equity practice—Misjoinder of party defendant.*

A bill in equity which joins separate respondents, acting in different capacities, upon different rights, and not chargeable with any joint liability or interest in the relief sought, is defective.

*Equity—Equity jurisdiction—Discovery—Account.*

Where there is no right to the main relief sought by a bill in equity, and discovery is merely incidental to this relief, it will not be granted. In a bill seeking an account and discovery, the discovery is prima facie merely incidental to the account, and if a right to an account is not disclosed the bill will be held bad on demurrer.

Argued Oct. 10, 1905.    Appeal, No. 135, Oct. T., 1805, by plaintiff, from decree of C. P. Armstrong Co., June T., 1905, No. 127, dismissing bill in equity in case of Elk Brewing Company v. Charles Neubert, Valentine Neubert and the Safe Deposit & Title Guaranty Company et al.    Before MITCHELL,

C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Bill in equity for an account and discovery.    Before PATTON, P. J.

The averments of the bill appear by the opinion of the Supreme Court.

Each of the defendants filed a demurrer in substantially the same form, which was as follows :

1. The bill is multifarious.

(*a*) Because it joins three persons as defendants, against whom, if the plaintiff has any equitable right, its remedy would be against them as individuals and not against them jointly or collectively.

(*b*) Because the defendants are distinct and separate in business relations and are not jointly liable (if liable at all) under the averments of the bill; there is no common liability of the defendants.

(*c*) Because the bill avers and charges the defendants in separate relations and capacities.

(*d*) Because a chancellor could not make a decree, if the facts were found to be true as averred, that would be just against said defendants jointly.

(*e*) Because the bill prays for relief against three defendants and with respect to at least two distinct matters, and against said defendants who were either as individuals or officially in distinct separate capacities or positions.

(*f*) Because these defendants, under the averments of the bill, would have different defenses and different proofs, and a chancellor would be required to make different decrees.

(*g*) Because the right of the decree prayed for, under the averments of the bill, must be established by evidence different from that introduced against other of the defendants, or upon a finding of facts in regard to which the other defendants are unconcerned and unadvised.

2. The bill does not disclose a case for equitable jurisdiction against Charles Neubert.

3. If any right exists against Charles Neubert, a proceeding at law is the proper remedy and not by equity.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court dismissing the bill.

*C. E. Harrington*, with him *M. F. Leason*, for appellant.— A court of equity's jurisdiction over matters of account is based upon the complicated character of the account, the need of discovery and the existence of a fiduciary or trust relation : Tully v. Felton, 177 Pa. 344 ; Graham v. Cummings, 208 Pa. 516.

The remedy at law is not complete, adequate and satisfactory, and this in itself will support the bill: Brush Electric Co's. App., 114 Pa. 574.

A bank occupying the position of trust with the plaintiff, should at all times, when it is called in question, open its books and honestly disclose the facts : Gloninger v. Hazard, 42 Pa. 389 ; Reeside v. Reeside, 49 Pa. 322 ; Penn Iron Co., Ltd., v. Lancaster, 25 Pa. Superior Ct. 478 ; Philadelphia v. McManes, 15 Phila. 104 ; Bussier v. Weekey, 11 Pa. Superior Ct. 463.

*Rush Fullerton*, with him *McCain & Christy*, *Ross Reynolds* and *J. W. King*, for appellee.—A bill is multifarious when it joins or embraces independent matters and aims at too many objects : Wray v. Hazlett, 6 Phila. 155 ; Taylor v. King, 32 Mich. 42 ; Walker v. Powers, 104 U. S. 245 ; Emans v. Emans, 13 N. J. Eq. 205 ; Laughead v. Beale, 24 Pa. C. C. Rep. 465 ; Cumberland Valley R. R. Co's. App., 62 Pa. 218 ; Artman v. Giles, 155 Pa. 409 ; Rafferty v. Traction Co., 147 Pa. 579 ; Adams v. Manning, 10 W. N. C. 448 ; Ferguson's App., 117 Pa. 426 ; Keystone Electric Light, etc., Co. v. Peoples' Electric Light, etc., Co., 200 Pa. 366.

Plaintiff company has an adequate remedy at law : Sprigg v. Comw'lth Title Ins. & Trust Co., 206 Pa. 548 ; Pittsburg, etc., R. R. Co's. App., 99 Pa. 177.

OPINION BY MR. JUSTICE ELKIN, January 2, 1906 :

The bill avers, substantially, that Charles Neubert was the treasurer of the brewing company and also of the trust company ; that as treasurer of the brewing company he kept its accounts in the trust company and intermingled or mixed the funds of the brewing company with those of the trust company so as to render complainant unable to determine how much money is in his hands as treasurer and deposited in the trust company ; that Valentine Neubert was the president of the brewing com-

pany and a director of the trust company; that said Valentine Neubert was one of the cestuis que trustent in the Bernd mortgage and that he has in his possession papers, agreements, records and memoranda showing the transaction concerning said mortgage and refuses an inspection of the same; that said Valentine Neubert has failed as president of the brewing company to supervise and inspect the accounts of the treasurer thereof, and to ascertain the funds belonging to said company and has knowingly permitted the corporate funds to be used improvidently; that on September 27, 1898, in pursuance of an agreement made prior to that date, Henry F. Bernd executed a mortgage to said trust company as trustee in the sum of $11,000 to secure a loan of that amount made to him, and of this amount the brewing company advanced $4,000, and that afterwards, to wit: on December 18, 1900, said trust company received the sum of $4,500 on account of said mortgage for use of the appellant and has not accounted for the same; that said trust company has refused to allow plaintiff to make an examination of its books, records and accounts showing the status of the accounts of Charles Neubert as treasurer, and has failed to account for other moneys belonging to the appellant. Upon this allegation of facts, the complainant relies to show such joint liability and interest between the respondents as will entitle it to the equitable relief prayed for.

Much of the confusion in this case has arisen because of a seeming misapprehension of the legal status of Charles Neubert, who acted as treasurer of both corporations. He had a right to act in this dual capacity if the corporations chose to have him so act. In so doing, however, the relations, duties and liabilities of the two corporations were in no way changed. Any act performed by him within his duties as treasurer of the brewing company was not his individual act, but the act of the company whose officer he was, just as his act as the treasurer of the trust company was the act of said company and not his individual act. The rights, duties and liabilities of each company are just the same as if a different individual had acted as treasurer of the respective companies. If the trust company is indebted to the brewing company, the obligation arises not because Charles Neubert was the treasurer of one or both companies, but on account of said trust company having received

moneys belonging to the brewing company which it has not accounted for. In such event a bill in equity does not lie because there is an adequate remedy at law.

Again, if the treasurer of the brewing company has failed or refused to account for all the moneys which came into his hands as treasurer, or if he is guilty of any misfeasance or malfeasance in office, he is liable to his company entirely independent of the fact of where he deposited said moneys or, indeed, whether he deposited them at all. Certainly, the trust company, which received said deposits in its usual course of business, like all other deposits, in the absence of fraud or collusion, cannot be held liable for the failure of the plaintiff's own treasurer to perform his duty. It would be a harsh rule to hold the trust company liable to the brewing company because of the alleged malfeasance of its own officer. Even if it be conceded, which it is not, that the treasurer of the brewing company failed to deposit or account for all moneys which came into his hands as such, the trust company cannot be held liable for such default or misappropriation merely because said treasurer happened to be an officer of the trust company at the time of the default or misappropriation.

And how does Valentine Neubert come into this equitable proceeding? He is charged with being president of the brewing company and a director of the trust company during the period covered by the bill. He is also charged with having failed in the performance of his duties as president of the brewing company and with having permitted the corporate funds to be improvidently used. If these allegations be true, how do they affect the trust company? How can the trust company be made answerable for the alleged wrongful acts of the president of the brewing company? The only connection between them in this respect is that the same man happens to be president of one and director of the other corporation. This fact neither increases nor diminishes the liability of the respective companies. If Valentine Neubert has been derelict in his duty as president of the brewing company, that company must look to him in a proper proceeding, and cannot hold either the trust company or Charles Neubert answerable for such dereliction of duty in the absence of fraud or collusion, and none such is charged.

What has already been said brings the case within the rule stated in Artman v. Giles, 155 Pa. 409, wherein it is held that a bill in equity which joins separate respondents, acting in different capacities, upon different rights, and not chargeable with any joint liability or interest in the relief sought, is defective.

As to the allegation that the trust company owes the brewing company $4,500 on the Bernd mortgage, as well as other moneys, it is only necessary to say that an action at law provides a full, complete and adequate remedy.

There only remains one question to be considered. It was contended in the court below, and it is argued here, that the bill should be sustained for discovery, and if good for discovery, equity jurisdiction having attached for this purpose, all other questions may be considered and disposed of in the same proceeding. It may be conceded that it is difficult under the authorities to draw the line between the cases when a bill for discovery, having also a prayer for relief, is entertained, and when refused. It is not open to doubt, however, that if discovery is used as a mere pretense to give jurisdiction, it would be a gross abuse to entertain a suit in equity when the whole foundation upon which it rests is either disproved or is shown to be a colorable disguise for the purpose of changing the forum of litigation: Story's Eq., page 70 et seq.

The question has been ruled in our own state in Holland v. Hallahan, 211 Pa. 223, wherein Mr. Justice FELL said: "Where there is no right to the main relief sought by a bill, and discovery is merely incidental to this relief, it will not be granted. In a bill seeking an account and discovery, the discovery is prima facie merely incidental to the account, and if a right to an account is not disclosed the bill will be held bad on demurrer."

We have already said that the plaintiff is not entitled to the equitable relief prayed for, and since the discovery is only incidental to the relief, it necessarily follows, under the rule stated, that the bill must fall.

Decree affirmed at the cost of the appellant.