## Ziegler v. Ellwood City Forge Co. et al.

588

*Michael A. Barletta,* for plaintiff.
*Cobau & Berry,* for defendants.

BRAHAM, P. J., June 21, 1948.—This action of mandamus is before the court en banc upon preliminary objections to the complaint. The matter complained of is the joinder as party defendant of two distinct corporations together with the president and secretary of each. After preliminary objections were filed plaintiff filed an amendment consisting of one paragraph specifying in greater detail the reasons for the joinder. Defendants counter with further preliminary objections, renewing their attack on the joinder and moving to strike off the amendment because a single amended paragraph instead of a whole new pleading was filed.

May a mandamus against one business corporation and its officers to compel it to keep certain records, furnish a stockholder with financial reports and allow the stockholder to inspect the corporate records be joined with a like mandamus against another corporation and its president and secretary? This is our fundamental question.

The case is properly before us on a petition alleging a misjoinder filed under Pa. R. C. P. 1017(*b*) (5). The defense of misjoinder of a cause of action would have been raised at common law by a plea in abatement and under the Practice Act of May 14, 1915, P. L. 483, by the affidavit of defense. The new rules, recognizing the necessity in some cases for taking testimony to determine whether a party or a cause of action is properly before the court, allow the defenses of lack of capacity, nonjoinder and misjoinder to be raised by petition. Plaintiff has endorsed his prelimi-

nary objections with notice to reply, plaintiff has replied and no evidence on the point has been presented. Hence we are required to find the facts from the pleading. Rule 209 purports to cover the mechanics of a hearing on bill and answer but is not very explicit. The true rule is that all averments of the petition not properly denied by the answer and all averments in the answer responsive to the petition but not denied shall be taken as admitted: Kelly et al. v. International Clay Products Co., 291 Pa. 383, 385; Schwartz et al. v. Stewart, 55 D. & C. 633.

The pertinent facts gleaned from the pleadings are: (1) Ellwood City Forge Company and Ellwood Forge Company are distinct and separate corporations, neither owned nor controlled by the other and neither owning stock in the other; (2) they have a common officer, E. H. Evans being secretary of the first and president of the second corporation; (3) a number of facts are averred in the amended complaint: "5a. Defendant officers above named own more than a majority of shares in each corporation. E. H. Evans named as secretary of the Ellwood City Forge Company is the same person as E. H. Evans named as president of the Ellwood Forge Company. The management and control of both corporations lies solely within said named officers. All the acts herein complained of by plaintiff apply to both corporations, all said acts having been done by the same officers at the same time. Said corporations own contiguous plants, the machinery and equipment of each being partly in the plant of the other. Both corporations are controlled from a common office where all records are kept and some employes, as was plaintiff, are employed by both corporations. Said named officers are on the board of directors of each corporation and control each corporation."

No question is raised about the joinder of two officers or of a corporation and its officers in one action of mandamus. The law has progressed since joinder of a

city treasurer and city clerk as defendants in mandamus was denied in Commonwealth ex rel. v. Barker, 211 Pa. 610. The modern rule may be observed in Ruby, Exr., et al. v. Penn Fibre Board Corp., 326 Pa. 582 and Piccirilli Bros. v. Lewis et al., 282 Pa. 328. The joinder of the corporation with its officers as defendant is in obedience to Pa. R. C. P. 1094 (*b*).

At common law parties could be joined as defendants only if joint interest liability existed: 39 Am. Jur. 900. The rule in equity was always more liberal; joinder was permitted where there was a community of interest in questions of law and fact: 39 Am. Jur. 903. The equity rule has been adopted by the Supreme Court in Procedural Rule 2229 (*b*), on permissive joinder, which provides as follows:

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action." This rule is closely modeled upon Federal Rule 20. Even at equity the right of joinder has never been unlimited: Artman et al. v. Giles et al., 155 Pa. 409.

Does plaintiff's claim against Ellwood City Forge Company for financial reports and an opportunity to see the books arise out of the same transaction or occurrence or series of transactions or occurrences as its like claim against Ellwood Forge Company? If it does not the claims are improperly joined. If it does we must further inquire whether a common question of law or fact will arise. Plaintiff's only allegations on the point are those recited above. Two corporations are being run from the same office with contiguous plants and some of the same employes. Of the four officers named, two of each company, one is common to both corporations. These three men own a majority

of stock in each corporation and have "management and control". There are, however, other directors, as appears from plaintiff's allegation that defendant officers are on the board of directors of each.

By his allegation that the three named officers control the two corporations plaintiff seeks to disregard the ordinary corporate structure and get at those whom he believes to be his real adversaries. He says that the three officers have a majority of stock in the two corporations and control them. In other words, he wants to combine two mandamus actions on the ground that he has the individuals who might and, as he says, should be compelled to exercise their powers of ownership in the corporation, to grant him the relief which he seeks. This would be to disregard the corporate fiction and treat the dispute as a controversy between individuals.

Corporate identity may not thus lightly be ignored.

"The legal fiction of distinct corporate existence will be disregarded when necessary to prevent fraud, or when a corporation is so organized and controlled and its affairs so conducted as to make it only an adjunct or instrumentality of another corporation. . . ."

But it requires a strong case to induce a court of equity to consider two corporations as one, on account of one owning all the capital stock of the other: Ambridge Boro v. Phila. Co. et al., 283 Pa. 5, 17. In the case before us plaintiff does not allege that one corporation owns or controls another nor does he allege fraud. It is the corporation which gives or withholds the financial reports here in question; it is the corporation which gives or withholds the right to inspect the books; therefore we cannot say that because we have one common director or because three men control the two corporations, we are justified in disregarding the ordinary corporate duties and responsibilities: Elk Brewing Co. v. Neubert, 213 Pa. 171.

It is the purpose of the Procedural Rules to simplify practice and to speed the cause. To this end the same liberality in joining defendants is allowed as was formerly allowed in equity. But this right is subject to the same limitations. Even in equity it is not possible to join two cases merely because they have common parties or because the same relief was asked. Parties or causes are joined in equity because each is involved in the same set of circumstances or because a measure of relief might be required from each of them. In the case before us, however, each corporation, acting through its corporate officers, must give the relief prayed for if it is to be had. Mandamus to compel corporate officers to perform their duties is a family affair. Corporate books are a private matter; only stockholders are entitled to financial statements. It cannot be said that a case against the Ellwood City Forge Company to compel the filing of reports or the right to inspect books, arises out of the same circumstances as a similar case against the Ellwood Forge Company merely because some of their operations are in common or because they have an officer or the same stockholders in common.

We do a disservice to the Procedural Rules if we endeavor to join together matters which are essentially separate. It is probable that in the case at bar no practical harm would be done and it is perhaps true that even if separated these cases would be consolidated for trial. Nevertheless corporate affairs are often of such delicacy and importance that no precedent for joining two corporations as defendants in an action of mandamus should be established unless it is clear that there are real purposes to be attained. We see no reason for violating the corporate entity in the present case and for compelling the corporations to submit their affairs as though they are one, when the owners have taken the trouble to set them up and operate them as two independent corporations.

In arriving at this conclusion we are not without some assistance from the adjudicated cases. In Tomat v. Fidelity and Serial Building & Loan Associations, 38 Schuyl. 54, it was held that plaintiff might not join an action of a withdrawing member against two separate building and loan associations. The court pointed out that the case did not arise in respect of or out of the same transaction or occurrence. The cases under Federal Rule 20 support the same view. In F. X. Hooper, Inc., v. Samuel M. Langston Co. et al., 56 F. Supp., 577, it was held that the owners of two separate patents might not be joined in a declaratory judgment proceeding. In Gerard et al. v. Mercer et al., 62 F. Supp. 28, 29, a suit to quiet title of 10 parcels of Indian land was dismissed, it appearing that the decision did not depend upon the same facts or rules of law. Stiffler v. Diehl et al., 6 F. R. D. 462, involves joinder of several defendants from whom options for the sale of stock had been secured. Joinder was allowed by Judge Gibson of the western district of Pennsylvania; but the case involved a common fraud of the person who took the options.

In the case at bar individual defendants apparently did nothing but use their rights as owners and their powers as officers of their respective corporations. It cannot be said that the right relief against either is "in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and that a common question of law or fact affecting the liabilities of all the defendants will arise". The case is decided upon this specific ground with the added idea that it does not seem to have been the purpose of the Supreme Court to allow a plaintiff to join against the will of defendants two actions of so typically separate and individual a character as mandamus to private corporations.

Because the joinder is improper the action need not necessarily be dismissed. All we do is to sever the actions. Accordingly we make the following

*Order*

Now, June 21, 1948, the preliminary objections of defendants raising the question of misjoinder are sustained and this case is dismissed unless within 10 days plaintiff discontinues as to one of corporate defendants and its officers.