S. BUDDY HARRIS, Plaintiff, *v.* JOSEPH LEDERFINE et al.,
Defendants.

Supreme Court, Special Term, Bronx County, October 20, 1949.

*Martin E. Mandel* for defendant Joseph Lederfine.

*Jacob Rappaport* for plaintiff.

DI FALCO, J.  The defendant, Joseph Lederfine, has moved for summary judgment dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice.

The complaint contains two causes of action. The first cause of action is brought under section 71 of the Stock Corporation Law. The second cause of action proceeds under section 15 of the Stock Corporation Law.

The following facts are undisputed: the plaintiff (a nephew of the defendant, Joseph Lederfine), together with the defendant, Joseph Lederfine and two other defendants organized the Jolie Musical Instrument Corp. on or about June 9, 1947. On June 14, 1947, an agreement, in writing, was entered into between all of the parties in which the respective rights and equities of each of the stockholders and other provisions usually found in stockholders agreements were incorporated. Although this agreement, in setting up the board of directors, originally excluded the plaintiff, the plaintiff was subsequently elected a director. In paragraph " Ninth " of the agreement, it is provided that the plaintiff was to be vice-president. In paragraph " Eleventh ", the plaintiff subscribed for twelve and one-half shares of the capital stock of the corporation and agreed to pay therefor the sum of $2,000, which was in excess of the capital contribution of any other stockholder, each of the other stockholders who contributed moneys contributing only $1,000 each. Paragraph " Fourteenth " provided that as the corporation required additional working capital, that such capital, to the extent of $6,000, would be loaned to the corporation by the plaintiff and two other stockholders without interest. The defendant, Joseph Lederfine, made no monetary contribution to the corporation, his consideration for the stock being the assignment of his interest in a musical instrument known as " Jolie Harmonichord ".

The plaintiff and the defendant, Joseph Lederfine, actually performed services for the corporation. The other two stockholders (also defendants herein) performed no services, their capital contribution being all that was required of them. For the first few months of the operations of the corporation, the plaintiff and the defendant drew salaries. However, when the cash resources were exhausted, the salaries were permitted to accumulate. On November 5, 1948, the plaintiff terminated his services with the corporation and sent a letter, pursuant to section 71 of the Stock Corporation Law, that he intended to institute suit for his claim for wages. Suit was instituted by the plaintiff against the corporation and judgment was obtained by default after an involuntary petition of bankruptcy had been filed against the corporation. Thereafter, the plaintiff instituted this action against the defendant, Joseph Lederfine, and the other two stockholders.

Section 71 of the Stock Corporation Law provides, in part, as follows: " The stockholders of every stock corporation shall jointly and severally be personally liable for all debts due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation."

It is the defendants' claim that the work performed by the plaintiff was " the task of the production man who hired and fired employees, assembled the harmonichord to be marketed, purchased all necessary tools, stationery, advertising, etc. required by the business and, in effect, had complete control of the office."

The plaintiff claims that his work consisted of the " actual assembly of the musical instrument known as Harmonichord which was the sole item manufactured by Jolie Musical Instrument Corp. That in the course of assembly of these musical instruments, your deponent actually worked on all the machinery pertaining to the corporation, including the drill press, lathe, cementing apparatus, and tuning devices."

As heretofore indicated, the plaintiff was a major stockholder, officer and director of the corporation. His was the largest financial contribution. He held the office of vice-president. Under such circumstances, I hold that it was not contemplated that he be accorded any relief under section 71 of the Stock Corporation Law.

Although the venture engaged in by the plaintiff and the defendant was in the guise of a corporation, it is clear that the parties were engaged in a joint venture. Although the plaintiff may have performed actual manual labor, during the course of his association with the corporation, he can, by no stretch of the imagination, be termed either a laborer, servant or employee. It was never the contemplation of the Legislature to afford protection as to unpaid wages to those who are, for all practical intents and purposes, partners in a business.

The Court of Appeals, in considering a similar statute, in *Bristor* v. *Smith* (158 N. Y. 157, 159) stated: " To the ordinary reader of the language of this statutory provision, I doubt that it would ever occur that the word ' employees ' had any wider significance than to define, in a general way, such classes of persons as were engaged in serving the corporation in subordinate capacities; but, when we apply the rules of construction to the case, any other definition of the word becomes unreasonable, if not impossible, than that it means persons sustaining

such relations to the corporation as do laborers and servants. The statute was a continuance of previous legislation, which had for its object the protection of those who earned their living by manual labor, and not by professional services, and who were supposed to be the least able to protect themselves. To such persons, and to all who become employed in subordinate and humble capacities and to whom the hardship would be great, if their wages or salaries were not promptly paid, the legislative policy is to afford the protection of a recourse to the stockholders of a company, upon the latter's default.''

In *Farnum* v. *Harrison* (167 App. Div. 704, 708, affd. 218 N. Y. 672) the court stated: '' When the Legislature substituted for the word ' apprentices,' which had a certain, limited meaning, the words ' employes, other than contractors,' it seems to me that their purpose could only have been to extend the protection given by the statute beyond the class of what the Court of Appeals has called ' menial labor ' to all the classes of labor beneath the grade of a vice-principal or direct representative of the employer.''

The statute under construction is of a penal nature and should be strictly construed, and its application should not be extended to one whose relationship to the corporation was that of a major stockholder, principal contributor, vice-president and director (*Kabaker* v. *Gelb*, 52 N. Y. S. 2d 678). The plaintiff is not of that class who was '' employed in subordinate and humble capacities '' and is not entitled to the protection given those who earn their living by menial labor and who are '' least able to protect themselves.'' It was provided in the stockholder's agreement, hereinbefore adverted to, that '' executive salaries or other remuneration for services performed for the corporation by the said individuals shall be agreed upon by majority vote, from time to time.'' The defendant Lederfine likewise had unpaid salaries which accumulated during the same period of time that the plaintiff was unpaid. The salaries paid to the plaintiff and Lederfine were obviously thus agreed upon pursuant to this part of the agreement and do not represent compensation due to those protected by the Stock Corporation Law.

Accordingly, I find that the first cause of action should be dismissed.

The plaintiff's second cause of action is predicated on section 15 of the Stock Corporation Law. It alleges that between the 1st day of July, 1948, and the 31st day of December, 1948, the defendants transferred to themselves or other creditors of the

corporation certain property of the corporation, consisting of moneys in payment of alleged claims of the defendants or said creditors. The plaintiff alleges that at the time of such transfers the corporation was insolvent, or its insolvency was imminent, and that by reason of such illegal transfers, the plaintiff has been unable to collect any part of his claim and judgment.

I find this cause of action without merit. Concededly, the plaintiff was an officer, stockholder and director of the corporation during the major periods that he claims the alleged improper transfers were made. He terminated his employ with the corporation on November 5, 1948, and it is claimed in the complaint that the improper transfers took place between July 1, 1948, and December 31, 1948. In any event, his claim against the individual stockholders having been held to be unfounded, it would be inequitable to permit him this form of action to recover a judgment against the individual stockholders, where no cause of action exists under section 71 of the Stock Corporation Law. I am further impressed by the statement in the moving papers, undisputed by the plaintiff, that in the bankruptcy proceedings pending against the corporation, no claim of preference or illegal transfer of assets had been made and that the bankruptcy proceedings are devoid of any such finding. The plaintiff has pleaded his second cause of action in broad, conclusory statements, entirely unsupported by factual pleading. His affidavit in opposition to the motion for summary judgment sheds no further light on his pleadings, and the conclusion is inescapable that the plaintiff has no facts to substantiate this cause of action.

Motion of the defendant Joseph Lederfine for summary judgment should, therefore, be granted and the complaint dismissed. Settle order.