**Brown et ux. v. Good Lumber Co., Inc.**

*Chauncey M. Depuy*, for plaintiffs.

*N. F. Keller* and *Edwin D. Strite*, for defendant.

WINGERD, P. J., December 19, 1950.—Plaintiffs filed a bill in equity for discovery in aid of suit at law. The bill alleges that plaintiffs entered a suit in assumpsit against defendant in the court of common pleas of this county by issuance of summons; that they are unable to prepare their complaint as certain of the material facts are exclusively in the possession of defendant; that the parties, on August 28, 1948, entered into a written agreement whereby defendant agreed to build a house for plaintiffs in accordance with certain specifications "on the basis of material plus labor plus 10%, at prices estimated as follows: Approximately $11,-700.00."; that plaintiffs paid to defendant during the progress of the work on written invoices presented by defendant to plaintiff a total amount of $17,221.86; that plaintiffs are advised and believe that under the agreement defendant was required to furnish material and labor at the cost thereof to plaintiffs plus 10 percent of the cost of the material and labor as defendant's charge for building the house; that plaintiffs are now advised and believe that the charges for labor

and material shown on the invoices submitted by defendant and paid by them do not represent the actual cost price of the items to defendant; that they are now advised and believe they have been charged by defendant $6,000 over the agreed cost price of the house, and that they have requested defendant to permit them to examine:

"1. Original entry book showing purchases of all material by the defendant which was used by the defendant in the construction of the plaintiffs' house. 2. All checks showing payment of wages to employees used in the construction of the plaintiffs' house, and defendant has failed and refused to permit such examination."

The bill prays that defendant be required to produce for their examination the records referred to in the bill.

Defendant filed an answer in which it averred among other things that the averments in the bill are contradictory to the terms of the written agreement; that the charges submitted on the invoices by defendant to plaintiffs were the just and reasonable charges for the labor and material set forth therein and were voluntarily paid by plaintiffs; that the records which plaintiffs desire to examine are not material to plaintiffs' cause of action and that no record exists showing the purchase of material by defendant for use in construction of plaintiffs' house, as defendant keeps a large stock of building materials at its place of business and elsewhere from which materials are drawn for the performance of such contracts as the present, and that the checks paid employes of defendant "would not correctly reflect the labor costs within the meaning of the written contract and that all material and labor charges were billed in accordance with the contract and the recognized customs of the building construction trade for the value of labor and material furnished".

Plaintiffs filed their motion for judgment on the pleadings setting forth that defendant's answer set forth general denials; that the interpretation of the contract is for the court, and that the answer fails to show any reason for not allowing plaintiffs to examine the records of defendant and demanding judgment in accordance with the prayer of the bill.

The motion for judgment on the pleadings seems to have been filed, as it states, under Pa. R. C. P. 1034. Pa. R. C. P. 1034 is applicable by its terms to actions of assumpsit and trespass; however, under Rule 92 of the Equity Rules of the Supreme Court, we feel its use is proper in equity.

The question now before us is whether or not we can give a summary judgment on the pleadings alone.

To sustain a bill for discovery, it must appear, if brought by a plaintiff, that plaintiff has a good cause of action and that the discovery asked for is necessary for him to properly proceed with his action and, if brought by a defendant, that defendant has a good defense and the discovery asked for is necessary for him to present his defense properly: 5 Standard Pa. Practice 479-80, §640; O'Brien et al. v. O'Brien, 362 Pa. 66, 70.

"In a strictly equitable proceeding for discovery of books and papers, the procedure ordinarily follows the statutory form of a proceeding in equity": 5 Standard Pa. Practice 482, §645. It seems clear that where the facts, necessary to enable a court of equity to determine whether the discovery asked for should be granted, are in dispute the court cannot properly enter a judgment on the pleadings.

In the present case the meaning of the contract is in dispute. If it means what plaintiffs contend, then the records showing the actual purchase price of materials made by defendant and the actual money paid by defendant for labor are material to their cause of action.

If the contract means that the labor and material were to be furnished at the just and reasonable charge recognized as such by the custom of the building construction trade, as contended by defendant, then it is doubtful whether discovery is necessary at all or whether the records asked for are material for the proper prosecution of their suit. Plaintiffs have knowledge of the labor and material furnished from the invoices which they paid and the reasonable charge for such labor and materials, as determined by the customs of the building and construction trade, may be determinable by plaintiffs from other sources than defendant's records.

Before we can determine whether the records asked for are material to plaintiffs' case, we must determine what is plaintiffs' case. Plaintiffs may well have a cause of action on the contract but the character of that cause of action must be determined before the court can decide whether certain records and papers are material to plaintiffs' cause of action. Plaintiffs may have a cause of action based on the fact that the charges made are in excess of the purchase price to defendant or in excess of the just and reasonable charge which should have been made therefor in accordance with the customs of the building trade. The character of plaintiffs' cause of action cannot be determined on the pleadings but evidence is necessary for the court to determine whether or not the papers requested are material to the prosecution of plaintiffs' claim. The contract itself does not use the word "cost" and it may well be that its proper interpretation can only be determined in the light of the circumstances under which it was executed. The dealings of the parties thereunder may be very important especially as it appears that plaintiffs made payments for work and materials on invoices presented by defendant for over a period of eight or nine months and such payments

paid in full defendant's charge for building the house; that the house was completed in approximately six months after the contract was entered into and that there was no protest or objection made concerning any charges until suit was brought over a year after the house was completed.

In the instant case we feel that it cannot be determined on the pleadings whether or not plaintiffs are entitled to the discovery requested but only by a hearing can the court gain such information as is necessary for it to properly dispose of the questions raised by the bill and answer.

Now, December 19, 1950, motion for judgment on the pleadings is dismissed.