## Harris v. McLaughlin et al.

*Stewart P. Clarke,* for plaintiff.

*Edwin E. Lippincott, 2nd,* and *C. William Kraft, Jr.,* for defendants.

SWENEY, J., October 18, 1951.—Plaintiff brought suit against Millbourne Business Agency, a Pennsylvania corporation, whose title was amended to Millbourne, Inc., and Bruce G. McLaughlin and Phyllis McLaughlin, his wife, who owned the stock of the corporation, to recover wages, claimed by plaintiff to be due him under a written contract of employment.

The jury rendered a verdict in favor of plaintiff and the case is now before the court en banc, upon defendants' motions for judgment n. o. v. and for new trial.

Defendants rest their motion for judgment n. o. v. upon the proposition that plaintiff, as treasurer, director and general manager of defendant corporation, could not be considered a laborer or employe, for whose unpaid wages or salary the stockholders of the corporation would be responsible to pay. Section 514 of our Business Corporation Act of May 5, 1933, P. L. 364, 15 PS §2852-514, reads as follows:

"A shareholder of a business corporation shall not be personally liable for any debt or liability of the corporation, except salaries and wages due and owing to its laborers and employees, for services rendered to the corporation. In such event, every shareholder shall be personally liable in an amount equal to the value of the shares of the corporation owned by him."

It is agreed that the value of the shares owned by individual defendants exceed in face value the amount of plaintiff's claim. No certificate of stock was ever issued by the corporation to the stockholders and the ownership of 20 shares owned by Bruce G. McLaughlin and 12 shares owned by his wife was resolved by the court upon the basis of the certificate for change of the corporate name which set forth this stockholding by the McLaughlins.

Defendants contend that we should follow the New York rule as laid down by the recent case of Harris v. Lederfine, 196 Misc. 410, 92 N. Y. S. (2d) 645 (1949), wherein it was held that an employe is one who serves in a subordinate capacity and does not apply to an officer of a corporation. We do not feel that the Pennsylvania statute can be so construed. The New York statute applies to "laborers, servants *or* employees"; every indication is that these three words are being used as synonyms and, consequently, the construction that persons serving in subordinate ca-

pacities are alone protected by the act is a reasonable one.

Under the Pennsylvania act, protection is given to laborers and their wages *and* to employes and their salaries. We are of the opinion that the case of McCaskell v. Purity Fibre Products Corporation et al., 22 D. & C. 1 (Kun, J.), is in point and rules the present situation. Defendants' motion for judgment n. o. v. must be refused.

However, we feel that the motion for new trial must be granted. At the trial, defendants attempted to prove a conversation between plaintiff and defendant McLaughlin, which took place on February 7, 1950, the day upon which the contract between the parties was signed; the conversation started before the contract was signed but continued for "an hour or more after the contract was signed"; defendants offered to prove that "Harris was to work for a couple of months and if he did not make the business successful, he was to get out; if he did make it successful, McLaughlin said, I will give you the business for a nominal amount."

The trial judge refused to admit this evidence upon the ground that the conversation was prior to or contemporaneous with the signing of the agreement. This was error. We do not have to belabor the law on the question of oral agreements inducing a contract or the varying of a written contract by prior or contemporaneous oral agreements: Gianni v. R. Russell & Co., Inc., 281 Pa. 320; O'Brien et al. v. O'Brien, 362 Pa. 66.

"The parol evidence rule is not violated by the admission of proof of a subsequent oral agreement modifying or supplementing the written contract": Henry, Pennsylvania Trial Evidence, page 548. It makes no difference when the conversation took place as long as it was after the contract was signed.