## Norristown Ford Company v. Metropolitan Auto Dealer, Inc.

*Speiser, Satinsky, Gilliland & Packel,* by *Henry J. Morgan,* for plaintiff.

*Harold M. Rappeport,* for defendant.

CRUMLISH, J., July 9, 1954.—This matter is before us on plaintiff's preliminary objections to counterclaim: (1) Motion to strike off, and (2) motion for more specific counterclaim.

Plaintiff started this action to collect the sum of $1,000 and interest thereon, allegedly the balance due on an oral contract of sale between plaintiff and defendant in the amount of $3,065 whereby plaintiff sold to defendant the following:

| | | | |
|---|---|---|---|
| 1 | 1949 | Buick sedan, | $1,200 |
| 1 | 1950 | Chevrolet sedan, | 1,365 |
| 1 | 1946 | Chevrolet sedan, | 500 |
| | | | $3,065 |

Plaintiff avers defendant has paid the sum of $2,065 in part payment of the purchase price; that in spite of repeated demands by plaintiff for the balance of said purchase price, defendant has refused to make further payment.

Defendant answers that the total agreed purchase price for these cars aforementioned was $2,065, which amount defendant paid by draft on July 17, 1952. Defendant denies owing plaintiff any further sum of money for the three vehicles and asks that the complaint be dismissed.

Defendant counterclaims in the amount of $25,000, averring damages suffered as the result of false and defamatory statements allegedly made and published by plaintiff through its authorized agent, servant or employe, made with full knowledge of the falsity thereof, with intent to injure defendant and deprive it of its good name, fame and reputation.

To defendant's counterclaim, plaintiff has filed preliminary objections. First, a motion to strike counter-

claim, and secondly, a motion for more specific counterclaim.

We need only consider the motion to strike.

Plaintiff avers that defendant's counterclaim is in trespass and does not arise from the same transaction or occurrence or series of transactions or occurrences from which plaintiff's cause of action arose, within the meaning of Pa. R. C. P. 1031(a). Plaintiff further avers that defendant's cause of action may not properly be pleaded as a counterclaim to its action in assumpsit.

Pa. R. C. P. 1031(a) reads as follows:

"The defendant may set forth in the answer under the heading 'Counterclaim' any cause of action or setoff which he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual."

The Goodrich-Amram Commentary appearing under section 1031(a)-1 states:

"The limitations in Rule 1031 (a) on the right of counterclaim in assumpsit cases leave the prior practice unchanged. The defendant's right of counterclaim is not absolute. If the defendant's 'cause of action' or 'set-off' is contractual or quasi-contractual in nature, there are no restrictions on the right of counterclaim. This includes situations in which the defendant may waive a tort and sue in assumpsit.

"If the defendant's cause of action is non-contractual, and the defendant may not waive the tort and sue in assumpsit, there is no right of counterclaim, except in the single instance where the cause of action arises out of the tortious acts of the plaintiff in the very transaction upon which the plaintiff is suing."

Defendant's action is neither contractual nor quasi-contractual. Damages by way of counterclaim are

sought for injury suffered as the result of allegedly false statements of a defamatory nature made intentionally by plaintiff. This is not the kind of situation where defendant is permitted to waive the tort and sue in assumpsit. A tort may be waived when it can be shown that in addition to injury suffered by plaintiff, there was a resulting pecuniary benefit to the tortfeasor. As is stated in Stanton v. Philadelphia & Reading Railway Co., 236 Pa. 419, 424 (1912) : ". . . If the claim of the plaintiff is merely to recover damages for the injury, his sole remedy is in tort. . . . The underlying principle is, that where there is gain to the tort-feasor, you can sue in quasi-contract. Where the wrong results in no such profit, the remedy is in tort only."

The general rule, reviewed recently by Mr. Chief Justice Horace Stern in Hook, Executrix, v. Hook & Ackerman, Inc., 375 Pa. 278, 282, (1953), is stated to be:

"As far as actions of assumpsit are concerned, it has always been held that a claim which rests in tort cannot be made the basis of a counterclaim (cases cited)."

See also O'Brien et al. v. O'Brien, 362 Pa. 66 (1949) ; Craig v. Thoroughgood et ux., 61 D. & C. 220 (1947), opinion by Winnet, J.

Accordingly, we readily conclude that Pa. R. C. P. 1031(a) was not intended to change the long accepted separation of assumpsit and tort actions. Unless there is an intrinsic part of defendant's counterclaim interwoven with the specific transaction sued upon, this counterclaim must be disallowed. Here the facts averred in defendant's counterclaim are neither an intrinsic part of his defense to the contract action, nor are they applicable to this suit in assumpsit. Defendant's cause of action as stated in his counterclaim did not arise at the time the parties entered into the oral

agreement which is now the basis of plaintiff's suit. The charge of slander by defendant was the result of subsequent disputes between the parties concerning the terms of their contract. Consequently, we find no basis whatsoever for disturbing the long-settled practice of prohibiting a counterclaim sounding in tort when pleaded in an assumpsit action.

Wherefore, plaintiff's preliminary objections to strike counterclaim are sustained and defendant's counterclaim is herewith stricken.