Kattelman, Appellant, v. Sabol.

Argued December 1, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*John Dorfman,* with him *Dorfman, Pechner, Sacks & Dorfman,* for appellants.

*Norman C. Henss,* with him *Cohen, Shapiro, Berger and Cohen,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, April 18, 1967:

This is an appeal from the Order of the Court of Common Pleas sustaining defendants' preliminary objections to plaintiffs' third amended complaint in assumpsit. Plaintiffs entered into a written agreement of sale to purchase certain real property described by metes and bounds; this agreement contained an integration clause in which plaintiff-buyer acknowledged that no representations had been made other than those contained in the agreement.

Plaintiffs now attempt to alter this written agreement by alleging that defendants represented they were selling not the property described in the sale agreement but, on the contrary, a larger property. To circumvent the parol evidence rule plaintiffs allege that by "fraud, accident or mistake" the agreement of sale omitted any reference beyond the description of the property given in metes and bounds. No facts were

given to support this crucial allegation, and consequently plaintiffs' bare allegation of fraud, accident or mistake is legally insufficient to remove the case from the operation of the parol evidence rule and thereby change or nullify the written agreement. We repeat what we said in *T. W. Phillips Gas and Oil Co. v. Kline,* 368 Pa. 516, 84 A. 2d 301 (p. 519) : *"Where no fraud, accident or mistake is averred and proved, and the alleged prior or contemporaneous oral representation or agreement concerns a subject which is specifically dealt with in the written contract, the law is clearly and well settled that the alleged oral representation or agreement is merged in or superseded by the subsequent written contract and cannot vary, modify or supersede the written contract;** and hence parol evidence thereof is inadmissible in evidence: Grubb v. Rockey, 366 Pa. 592, 79 A. 2d 255; Walker v. Saricks, 360 Pa. 594, 63 A. 2d 9; Gianni v. Russell & Co., Inc., 281 Pa. 320, 126 A. 791; Speier v. Michelson, 303 Pa. 66, 154 A 127; O'Brien v. O'Brien, 362 Pa. 66, 66 A. 2d 309; Russell v. Sickles, 306 Pa. 586, 160 A. 610."

Order affirmed.

---

* Italics in the original Opinion.