## Eakin v. Sankey

*Cyril I. Garvey*, for plaintiff.
*Frances J. Fornelli*, for defendant.

STRANAHAN, P. J., January 24, 1968.—On November 1, 1965, a collision occurred between the Sankey automobile and the Eakin automobile which resulted in injuries to Eakin. A short time after this collision Vera Keeley, who was operating an automobile owned by her husband, Norman Keeley, struck the Sankey automobile, thereby causing $352.04 damages to the Keeley car.

Norman Keeley commenced a suit against C. W. Eakin for the $352.04 damage to his car. Eakin then joined Donna Mae Sankey and Vera Keeley, alleging in the complaint to join them that he had suffered injuries in the collision with Sankey which were the result of the negligence of Donna Mae Sankey, and therefore he set forth his claim for injuries against

Donna Mae Sankey. In the same pleading Eakin alleged that the damage to the Keeley automobile was caused solely by the negligence of Donna Mae Sankey and/or Vera Keeley, or in the event that Eakin was found liable to plaintiff, then Donna Mae Sankey and Vera Keeley were jointly liable with him. Norman Keeley, through his counsel, requested that the court sever his case for property damages from the Eakin claim for property damage and personal injuries for the reason that the Keeley claim could be arbitrated, thereby saving the expense of trying the Keeley case before a jury. In an opinion dated June 13, 1967, this court granted the severance and directed that the Keeley claim be arbitrated.

On August 21, 1967, the case of Norman Keeley v. C. W. Eakin, defendant, and Donna Mae Sankey and Vera Keeley, additional defendants, was arbitrated, and the arbitrators awarded Norman Keeley the sum of $352.04 against C. W. Eakin and further returned a verdict in favor of the additional defendants, Donna Mae Sankey and Vera Keeley. This award was paid by Eakin before it was reduced to a judgment.[1]

The court now has before it a motion on behalf of Donna Mae Sankey asking for leave to file an answer setting up res judicata as a defense. It is the position of Sankey that the decision of the arbitrators is res judicata in the case of Eakin v. Sankey and that this defense could not have been raised within the normal time for filing an answer because the defense did not exist at that time.

Eakin asks this court to deny the motion for the reason that the court has before it sufficient facts to

---

[1] Since there never was a judgment entered in the Keeley case, the defense of res judicata based on the decision of the arbitrators is not available in a later case: O'Brien v. O'Brien, 362 Pa. 66, 73.

determine that the defense of res judicata does not exist and therefore rather than permitting an answer to be filed and then denying the defense, the court should determine the entire matter at this time.

The case of Posternack v. American Casualty Company of Reading, 421 Pa. 21, 24, indicates that it is discretionary with the court to allow amended answers, but that amendments should be liberally allowed especially when the facts to be alleged in the amended pleading did not exist at the time the pleading was filed. The court further indicates that no amendment should be allowed if prejudice to the other party will result.

We hold that this court can in its discretion refuse defendant the right to amend if it is obvious that the defense proposed to be raised by the amendment is without merit. The record is such in this case that the court can now determine that res judicata is not a valid defense.

We agree with the position of Eakin and believe that the court should dispose of this matter in its entirety, if it is possible to do so, and we believe it is possible under the present state of record to make such a disposition.

We hold that the decision of the arbitrators in the suit brought by Norman Keeley against Eakin, Sankey and Keeley for damages to the Keeley automobile was not res judicata, nor did it create a collateral estoppel in the claim that Eakin may have against Sankey. In the suit by Keeley the issue was whether Eakin, Sankey or Keeley was negligent and whether the negligence was the proximate cause of the second accident in which there was damage to the Keeley automobile. The issue was not whether Eakin's injuries in the first accident were the result of Sankey's negligence. This issue could be entirely differ-

ent from the one that was determined by the arbitrators.

The Eakin injury resulted from a collision between Eakin and Sankey. The Keeley damages resulted from a later collision between Keeley and Sankey. The second collision had nothing to do with Eakin's injury.

It is possible that Eakin could have committed some act after the collision occurred with Sankey, which act of itself might make Eakin liable to Keeley for the subsequent damage to the Keeley automobile.

It is also possible that Sankey could have been negligent thereby causing the first accident, but her negligence could have ceased by the time the second accident happened.

Certainly liability imposed under these circumstances could not create a res judicata situation between Eakin and Sankey. The only issue that was litigated in the Keeley case was the liability for the damage to the Keeley car in the second accident. At no time was the question of liability for Eakin's injuries litigated.

If all of this were one accident, then the rule of Simodejka v. Williams, 360 Pa. 332, would apply, but it may be that the arbitrators found that there were two separate accidents. If this were so, then it is obvious that two entirely different factual situations would exist. Since we do not know the basis for the decision of the arbitrators, we do not know if there is a common issue of fact and law in both cases.

As pointed out above it could be that Eakin might be liable to Keeley for Keeley's damage and still have the right to recover against Sankey for the negligence of Sankey in causing Eakin's injury.

We feel that this matter is best expedited by this court refusing Sankey the right to file an answer raising res judicata as a defense, when this defense obviously does not exist.

ORDER

And now, January 24, 1968, defendant, Donna Mae Sankey's motion for leave to file an answer setting up res judicata as a defense is refused.