**Krout Builders, Inc. v. Kramer**

*Jeffrey C. Bortner,* for plaintiff.
*William A. Yocum,* for defendants.

SHADLE, J., November 19, 1973.—Plaintiff and defendants own adjoining land in a real estate development, prior deeds to which described the land with reference to a proposed 50-foot-wide street. Plaintiff, having acquired title to the land on which such proposed street was to have been located, began erecting a dwelling house thereon. Defendants notified plaintiff to desist, claiming to have acquired an easement of right-of-way over such proposed street by reason of such deed references.

Plaintiff thereupon instituted this action to quiet title against defendants praying that the court declare that defendants have no such easement over the land in question. To plaintiff's amended complaint, defendants filed a responsive answer which also contained new matter and what defendants denominate a "counterclaim in equity." Such counterclaim asserts that defendants do, in fact, have such easement, and concludes with a prayer for relief that plaintiff be enjoined from erecting a building on the land or otherwise interfering with defendants' claimed easement therein and be ordered to remove the existing building. Plaintiff filed preliminary objections in the nature of a motion to strike such counterclaim, on which argument was had before the court.

In an action to quiet title by determining a right or interest in land, may a defendant counterclaim for equitable injunctive relief? We continue to be amazed at the ingenuity of counsel in raising issues superficially appearing simple of solution but never previously authoritatively decided.

Pennsylvania Rule of Civil Procedure 1061(a), following the format of all of the rules, conforms the proce-

dure in actions to quiet title to that in assumpsit. Pennsylvania Rule of Civil Procedure 1031 provides that in assumpsit a counterclaim may be asserted which *either* "arises from the same transaction or occurrence" on which plaintiff sues, *or* which "arises from contract or is quasi-contractual." Furthermore, subsection (b) of the same rule provides that the counterclaim may demand relief "different in kind from that demanded by the plaintiff."

At first blush these provisions would seem to provide the answer to the instant question. Defendants' counterclaim arises from the same transaction on which plaintiff sues, and seeks relief "different in kind" from that sought by plaintiff. However, do these rules contemplate a counterclaim in equity in an action at law? If a plaintiff were entitled to a jury trial in an action to quiet title, which is not the case here, how would the equitable claim be tried at the same time without a jury? By analogy, should a plaintiff seeking to quiet title also be able at the same time to seek and obtain equitable injunctive relief to enforce his title rights?

It has been held that the language of Pa. R.C.P. 1031 is broad enough to permit a counterclaim for equitable relief in an action of assumpsit: Deakins v. Roofings, Inc., 119 Pitts. L.J. 58 (1971). To the contrary, however, Pa. R.C.P. 1031 has been held not to permit a counterclaim based on a tort in an action of assumpsit: O'Brien v. O'Brien, 362 Pa. 66 (1949); Bloom v. Devonian Gas & Oil Company, 397 Pa. 309 (1959). Furthermore, one authority states that "It should . . . be held that there is no authority to assert a counterclaim in an action to quiet title and that Rule 1031 is inapplicable": 3 Anderson, Pa. Civ. Prac. §1061.86. In concurrence. Thomas V. Venneri, 17 D. & C. 2d 379 (Allegheny (1958)), held that in an action to quiet title in

the nature of a rule to bring ejectment, a counterclaim for equitable relief may not be pleaded.

In our opinion, confusion can best be avoided by segregating the proceedings to *establish* the existence or nonexistence of title rights on the one hand, and proceedings to *enforce* those rights on the other. Thus, a plaintiff seeking to vindicate his title rights or to negate those of a defendant should not be able in an action to quiet title to simultaneously enforce his rights by a claim for immediate equitable relief. In the vast majority of cases, it is the existence of title rights, not the enforcement of them, which is in issue. Enforceability by a separate action of ejectment or in equity for injunctive relief should await a separate title adjudication.

What is true as to a plaintiff likewise is applicable to defendants as to their counterclaim in this action. Their title rights can be fully adjudicated on the facts set forth in the amended complaint, answer, new matter and reply. There is no necessity whatever to confuse the still separate procedures and legal concepts of the law and the equity sides of the court by injecting a counterclaim for equitable relief at this point. Should defendants prevail here, and should plaintiff refuse to acknowledge their rights, a remedy remains available to defendants when it is needed.

## ORDER

And now, to wit, November 19, 1973, plaintiff's preliminary objections to defendants' counterclaim are sustained, and such counterclaim is stricken. An exception is noted for defendants.