Adams, Appellant, v. Frederickson.

Argued October 4, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*A. N. Brunwasser,* for appellant.

*Robert W. Semenow,* with him *Harold Gondelman,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, January 6, 1956:

On September 15, 1954, Walter H. Adams and E. R. Frederickson entered into a written contract whereby Adams agreed to pay Frederickson the total sum of $15,000 for a stationery store owned by Frederickson

34

and located in the Grant Building on Grant Street, Pittsburgh.

On March 9, 1955, Adams filed a complaint in equity asking that the contract be rescinded because of misrepresentations made by the defendant, and requesting further that Frederickson be restrained from conducting a competing business in violation of one of the provisions of the contract. The defendant filed preliminary objections and moved for a dismissal of the complaint. The lower Court sustained the objections on the ground that the plaintiff was seeking to alter the terms of a written contract by parol evidence. The plaintiff appealed.

The plaintiff in his complaint, which consists of 79 paragraphs, relates a long story of the conversation which preceded the writing and signing of the agreement. In this conversation the defendant, according to the complaint, made statements that the business had been a profitable one. The plaintiff, however, did not charge that these inducing statements were false. It needs no considerable citation of authority to demonstrate that a mere laudation of one's business, unconnected with deceit and fraud, cannot be made the basis of rescission when no reference is made to the representations in the written contract which follows the oral discussion. The plaintiff further averred that Frederickson assured him that he would derive $400 to $500 monthly profit on the business to be sold. However, in his effort to establish these allegedly false assurances attributed to the defendant, the plaintiff runs full-tilt against the solid wall of the Parol Evidence Rule which provides that "All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between

the parties, and its terms cannot be added to nor sub-
tracted from by parol evidence . . ." (*Gianni v. Russell*,
281 Pa. 320.)

There are, of course, a few openings through the
wall of the Parol Evidence Rule, but none of them is
available to the plaintiff. In order for him to alter
the specific terms of the written contract which binds
him, it is not enough for him to allege fraud. It must
appear that the terms upon which he now relies were
omitted from the contract by design or deception.

The promises chargeable to the defendant as to the
profit the plaintiff would make were so fundamental
and material to the agreement, and so interrelated with
the terms of the written contract, that it cannot be as-
sumed they were omitted simply by inadvertence.
Hence, the omission of those terms, if the parties seri-
ously advanced them as binding, can only be explained
by reason of fraud, accident or mistake. However,
since the plaintiff does not aver that any of these es-
cape gates are open to him, the Parol Evidence Rule
remains as the stone wall which bars him from enter-
ing the realm of oral understanding.

The plaintiff seeks another relief. Paragraph 3 of
the written contract stipulated that the defendant
would not, within a period of two years, engage di-
rectly or indirectly in any business similar to the one
sold to the plaintiff. In his complaint the plaintiff
alleges that the defendant, in defiance of this covenant,
has actively sought some of his former customers and
sold goods to them. The plaintiff accordingly asks for
an injunction to restrain the defendant from further
injuring him in this respect and that he also be re-
quired to account for all business obtained by him in
contravention of this provision of the contract. The
learned Chancellor in the Court below stated that
"such a matter is properly within the jurisdiction of

equity," but he felt that the plaintiff "cannot proceed upon the present complaint" for the reason that he "cannot both avoid and enforce the agreement, and the averments of the complaint are all directed towards avoidance and rescission." He added, however, that "we will preserve plaintiff's right to seek injunctive relief by proper Complaint or Petition."

It is not necessary for the plaintiff to begin a fresh action, since Pennsylvania Rule of Civil Procedure No. 1020 (c) permits causes of action to be stated in the alternative. In *Betta v. Smith,* 368 Pa. 33, 35, where the plaintiff pleaded two alternative causes of action, one based on deceit and the other on mutual mistake, we stated that such alternative pleading was permissible, for "The Pennsylvania Rules of Civil Procedure Nos. 1020 (c) and 1021 permit causes of action and defenses to be pleaded and relief to be had in the alternative." We therefore hold that with respect to defendant's alleged breach of the covenant not to compete, the plaintiff has set forth, though not with clarity, and succinctness, a cause of action cognizable in equity and that the preliminary objections thereto should not have been sustained. As to that holding, the decree of the lower court is accordingly reversed.

To the extent set forth in this opinion, the decree of the lower Court is reversed with a procedendo. Otherwise affirmed.