Sokoloff, Appellant, v. Strick.

344

Argued April 24, 1961.   Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Joseph Singer,* with him *Herbert C. Nelson,* for appellants.

*Philip Detwiler,* with him *George Craven,* and *High, Swartz, Roberts & Seidel,* and *Barnes, Dechert, Price, Myer & Rhoads,* for appellee.

OPINION BY MR. JUSTICE BELL, June 26, 1961:

Plaintiffs filed a complaint in Equity which concededly did not set forth adequate grounds for equitable relief. After defendant's preliminary objections were sustained, an amended complaint was filed. The lower Court again sustained defendant's preliminary objections and gave plaintiffs leave to file another amended complaint in order to aver "fraud, accident or mistake" *with particularity,* as required by Pennsylvania R. C. P. 1019(b). This requirement was not only in accordance with the rule of court, but likewise with the decisions of this Court: *Palone v. Moschetta,* 387 Pa. 386, 128 A. 2d 37; *Lefkowitz v. Hummel Furniture Co.,* 385 Pa. 244, 122 A. 2d 802.

Plaintiffs thereupon filed exceptions to the Order of the lower Court in which they averred, inter alia, that they could not amend nor aver additional facts to support their allegation of fraud, accident or mistake. The lower Court thereupon entered an order sustaining defendant's preliminary objections and dismissed the complaint. From that Order plaintiffs took this appeal.

While plaintiffs' amended complaint avers material facts which conflict with several other material averments, we shall discuss their amended complaint to determine whether any of the material facts averred are sufficient to warrant equitable relief. Thus approached, plaintiffs' amended complaint alleges the following:

On June 17, 1957 defendant gave to plaintiffs absolutely and in fee simple, without any restrictions or conditions, a certain parcel of real estate known as Lot No. 222 Old Welsh Road, Abington Township, Montgomery County; and likewise on certain specified dates

in 1957 defendant gave to plaintiffs absolutely and without restrictions or conditions $10,500. On the same date on which defendant gave plaintiffs a deed for 222 Old Welsh Road, to wit on June 17, 1957, plaintiffs gave defendant a bond and mortgage (secured on said premises) in the sum of $25,000, which was immediately recorded by defendant. On the same day, viz., June 17, 1957, plaintiffs executed and gave to defendant a judgment note in the sum of $10,500, which was forthwith entered of record by defendant. Plaintiffs averred that the mortgage, bond and judgment note were obtained by fraud and the following false representations were omitted from those instruments by fraud. This alleged fraud was inferred from this averment; plaintiffs executed and gave to defendant the above mentioned mortgage and bond and judgment note because defendant assured them that "the mortgage, bond . . . and judgment note was no more than a matter of form and that neither they nor their heirs would ever be called upon for payment thereof, and further, such action would make them judgment proof* thus assuring them and their heirs of the complete and full enjoyment of her gifts forever." No reason was alleged why defendant gave or would give plaintiffs absolutely and without any consideration or restrictions or conditions (more than) $35,000.

Plaintiffs prayed that the mortgage and the bond and the judgment note be decreed fraudulent and null and void and that defendant be ordered to satisfy the same of record.

If plaintiffs attempted to prove the aforesaid averments at the trial of the case and the defendant objected, plaintiffs' evidence would undoubtedly be inadmissible because of the parol evidence rule, which must be firmly maintained if the integrity of written instru-

---

* Thereby defrauding creditors.

ments is to be sustained instead of being rendered meaningless.

Plaintiffs' averments of fraud do not amount to "fraud, accident or mistake" as those terms are used in the decided cases. If it were otherwise, every written agreement could be modified and in effect rendered meaningless, null and void by a mere averment or testimony that "the agreement was no more than a matter of form and the other contracting party would never be called upon to keep the agreement or make any payments required thereby."

However, plaintiffs attempt to evade, circumvent and nullify the parol evidence rule by a clever although specious contention that since defendant's preliminary objections admit—not the pleader's conclusions or averments of law but—all facts which are well pleaded, it follows that defendant's preliminary objections cannot be sustained, even though plaintiffs cannot prevail at the trial of the case.

In *Palone v. Moschetta*, 387 Pa. 386, 128 A. 2d 37, the Court said (pages 392, 393) : "The law is of course well established that an oral agreement is admissible to vary or void a written agreement where fraud is alleged (and subsequently proved by clear and convincing evidence) : Grubb v. Rockey, 366 Pa. 592, 79 A. 2d 255; Bardwell v. Willis Company, 375 Pa., supra; Adams v. Frederickson, 384 Pa. 32, 119 A. 2d 240. However, it is not sufficient merely to aver misrepresentations or fraud. ' ". . . *the facts* which constitute the fraud must be clearly and explicitly set out, so that the court and not the pleader may judge whether the act or representation complained of was fraudulent or otherwise" ' : Compton v. Heilman, 331 Pa. 545, 550, 1 A. 2d 682. See to the same effect: Hornsby v. Lohmeyer, 364 Pa. 271, 276, 72 A. 2d 294; Kepler v. Kepler, 330 Pa. 441, 199 A. 198; Bardwell v. Willis Com-

pany, 375 Pa., supra; Rule 1019(b), Pa. R. C. P., Rule 1501.

. . .

" '. . . We have recently held more than once that a mere breach of good faith, or a broken promise to do or refrain from doing something in the future . . . is not accounted "fraud of the kind that will admit parol testimony to vary the terms of a written contract" . . . see Fidelity T. & T. Co. v. Garland, 291 Pa. 297, 302-3, and cases there cited; also Emmanuel v. Hughes, 295 Pa. 492, 497; U. S. Nat. Bank v. Evans, 296 Pa. 541, 550-51.' "

In *O'Brien v. O'Brien,* 362 Pa. 66, 66 A. 2d 309, the Court said (pages 71-72) : "Is the applicability of the parol evidence rule a question that may be raised, as in this case, by preliminary objections in advance of trial? Notwithstanding the name given it, the parol evidence rule is a rule, not of evidence, but of *substantive law*: Restatement, Contracts, §237, comment a; Wigmore on Evidence, 3d ed., vol. IX, pp. 3, 4, §2400-(1) ; Williston on Contracts, rev. ed., vol. 3, p. 1813, §361. Accordingly, the effect of it, and the right of a litigant to obtain judgment in reliance on it, may properly be determined on the pleadings, and judgment may be entered for want of a sufficient answer or reply which sets up an oral agreement invalidated by the rule: [citing numerous cases]."

This principle was reiterated in *Lefkowitz v. Hummel Furniture Company,* 385 Pa. 244, 122 A. 2d 802, where the Court said (pages 247-248) : "Nor can defendant be sustained in its contention that it was error to enter judgment on the pleadings. The parol evidence rule is not one of evidence, but of substantive law: O'Brien v. O'Brien, 362 Pa. 66, 72, 66 A. 2d 309. Not only must the pleading aver the omission of the oral promise from the writing through fraud, accident or mistake (Speier v. Michelson, 303 Pa. 66, 154 A.

127), but it must also aver the fraud or mistake *with particularity* (Pa. R. C. P. 1019(b).) Defendant's allegations supplied neither of these requirements. That judgment could be entered on the pleadings cannot be questioned: Mathers v. Roxy Auto Company, 375 Pa. 640, 641, 101 A. 2d 680."

*Bardwell v. Willis Co.*, 375 Pa. 503, 100 A. 2d 102, also rules the instant case. In *Bardwell* the plaintiffs brought an action in trespass for deceit for alleged damages and loss of profits suffered as a result of oral false and fraudulent misrepresentations by defendant which induced plaintiffs to enter into the lease. Plaintiff averred that defendant, "falsely, intentionally and fraudulently represented at the time the premises were being inspected that the facilities thereon met the standards required by plaintiffs and that in reliance upon such representations a five-year lease . . . was entered into [by the parties]." Plaintiff further averred that the rented premises were not fit, as represented, for the intended use. *Preliminary objections in the nature of a demurrer were sustained* by the Court below and affirmed by this Court. The Court reiterated that where, as in the instant case, the written contract covers or purports to cover the entire agreement of the parties, the law is now well settled that alleged oral inducing representations or agreements are merged into or superseded by the subsequent written contract, and such written contract can be modified or varied or nullified only after it is alleged with particularity and proved that the written contract was executed by fraud, accident or mutual mistake and that the alleged false or fraudulent representations were omitted from the written contract by fraud, accident or mistake. It is unnecessary to refer to the numerous cases cited or quoted in *Bardwell* to support this well established proposition.

Even more directly in point factually is *First National Bank of Hooversville v. Sagerson*, 283 Pa. 406, 129 A. 333. In that case, defendant had executed two judgment notes in favor of the plaintiff, and plaintiff entered judgment on these notes on the day following their execution. Defendant then petitioned the Court to open the judgment in order to let in his defense, viz., when the notes were executed, the plaintiff agreed that the defendant was not to incur any liability and the notes were no more than a matter of form. In its opinion, the Court pertinently said (pages 411-412) : ". . . Appellee seeks to take himself out of the rule forbidding evidence of a verbal agreement by allegeing fraud. The promise not to use the judgment note, and the subsequent entry of it, do not constitute fraud within the legal meaning of that word. Despite what was said in early Pennsylvania cases, it has been stated, and we now repeat, that a breach of faith or of an agreement regarding the doing or refraining from doing something in the future is not fraud, as that word is employed in the phrase, 'fraud, accident or mistake.' Concerning the defense that the maker of a note upon which suit is brought signed it with the understanding that it was a mere matter of form and not an obligation, we said in Ziegler v. McFarland, 147 Pa. 607, 609-10: 'It is sufficient to say that it is a flat contradiction of the terms of a plain business writing, which any one competent to do business at all could not fail to understand. No accident is alleged, and the only fraud or mistake is the representation that it was "not an obligation," though its express terms had that and no other meaning. If the rule as to parol evidence to vary writings is to have any application at all it should be to such cases as this: Clarke v. Allen, 132 Pa. 40." ' "

Plaintiffs, by applying a technicality to a use for which it was never intended would not only prolong litigation unreasonably and to no avail, but would like-

wise effectually nullify the parol evidence rule and make a travesty of the law. The law will not permit this specious circumvention. We find no merit in any of plaintiffs' contentions.

Order affirmed; costs to be paid by appellants.