**CROMPTON-RICHMOND CO., INC.-FACTORS**

v.

**E. P. Tatum SMITH, Jr., Appellant.**

**No. 16056.**

United States Court of Appeals Third Circuit.

Argued Dec. 1, 1966.

Decided Nov. 28, 1967.

Oliver C. Biddle, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., (Morris Cheston, Jr., Philadelphia, Pa., on the brief), for appellant.

Leon S. Forman, Wexler, Mulder & Weisman, Philadelphia, Pa., for appellee.

Before SMITH, FREEDMAN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Plaintiff sued on a written guaranty. Defendant's answer admitted the guaranty but denied liability. After discovery plaintiff moved for summary judgment which was granted. Crompton-Richmond Co., Inc.-Factors v. Smith, 253 F.Supp. 980 (East.D.Pa., 1966). This appeal by defendant followed.

The defendant's basic defense below was that the parol evidence developed by discovery would be admissible at trial to explain the "valuable consideration" recital in the guaranty, and further, that it would be evidence of a failure of consideration on plaintiff's part. We affirm on the opinion below. We think the trial judge properly held that such parol evidence would not be admissible at trial because it would conflict with the provisions of the written guaranty. Thus there was no conflict as to a material fact.

The only point advanced here that was not specifically dealt with in the opinion below is that parol evidence of oral commitments is admissible where, as here, they are supported by independent consideration, even though they may vary or contradict the writing. We do not think that such is the law. The case of Walley v. Bay Petroleum, 312 F.2d 540 (5th Cir. 1963), cited by appellant, actually holds to the contrary. Nor does the case of the Chase Manhattan Bank v. May, 311 F.2d 117 (3rd Cir. 1962) cert. denied 372 U.S. 930, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963), help appellant here. The court in that case did indicate that the existence of a written guaranty agreement would not preclude the proof of a contemporaneous oral agreement supported by independent consideration. But we do not read that case to hold that such an agreement could be proved if it contradicted the written guaranty. In any event, no such independent contract theory was raised in the pleadings in our case either by

way of defense or counterclaim. We think it may not now be asserted as a possible defense to the suit on the guaranty.

The judgment of the district court will be affirmed.

Judge WILLIAM F. SMITH did not participate in the decision of this case because of illness.