**Reese v. Slaveski**

*Nicholas Kozay, Jr.,* for petitioner.
*Robert Lewis Seigle,* for respondent.

GLEESON, J., October 8, 1969.—This case comes before the court on defendant's petition to show cause why plaintiff's judgment against her should not be marked satisfied under the Act of March 14, 1876, P. L. 7, 12 PS §978.

On December 21, 1964, defendant purchased from plaintiff a hotel and restaurant business together with a liquor license for premises 1201-03 Adams Avenue, Philadelphia, Pa. As part of the purchase price, petitioner executed a judgment note for $10,000 in favor of plaintiff. The pertinent portions of the note are as follows:

"I, HELEN SLAVESKI, promise to pay to the order of CORNELIUS J. REESE the sum of Ten Thousand ($10,000.00) Dollars within three (3) years from the date hereof, with interest at six (6%) per cent, which sum, as I shall elect, shall be payable at any time or in monthly payments of Three Hundred and Thirty ($330.00) Dollars per month on account of principal and interest until the principal sum shall be paid in full."

Thereafter, petitioner paid 32 monthly payments of $330 and a final payment of $311.15, claiming that interest was intended to be calculated on the unpaid principal balance. Plaintiff took the position that interest was of the "add-on" variety and to be calculated on the full $10,000 principal sum, thus leaving a

balance due of $1,130.50. Plaintiff, on December 13, 1967, assessed damages in accordance with his theory in the amount of $1,130.50 and caused a writ of execution to issue. Petitioner then filed this petition to satisfy the judgment and plaintiff filed an answer, admitting the basic facts but alleging that interest was contemplated by the parties to be calculated on the full $10,000 principal sum. No depositions were taken by either party.

We view this case as a problem in construction of the judgment note itself without reference to prior or contemporaneous parol agreements between the parties. Although plaintiff urges upon us the proposition that parol evidence should be admitted to clarify a latent ambiguity in the note, we do not believe that any such ambiguity exists. The note appears susceptible to construction from the words used, and parol evidence would seem to contradict its apparent meaning rather than explain what cannot otherwise be understood: Sokoloff v. Strick, 404 Pa. 343 (1961). Even if we were persuaded that parol evidence was admissible, there is none properly before us in this record as no depositions were taken.

Turning to the note itself, we are convinced that the statement of the sum of $330 per month as payments on account of principal and interest until the principal is paid in full, is a clear indication that interest was to be calculated on the unpaid principal balance. We are not satisfied to read into this note terms requiring the payment of interest at six percent on the full principal balance for three years when for only the briefest period was that sum actually outstanding. The note does not so provide and the court will not lend its power to what is an oppressive, if not usurious, rate of interest. Plaintiff argues that the note must be construed most strongly against its maker, but he misconstrued the rule he cites. The "maker"

against whom an instrument is construed, is the one who prepared it, not the "maker" of a note in the technical sense of the law of bills and notes. There is no evidence in the record before us to show who prepared the note in question. In our view, the note clearly calls for interest calculated on the unpaid principal balance.

Accordingly, we granted the petition and made the rule absolute in accordance with the Act of March 14, 1876.