### Robert SEIDMAN and La Revue Collage, Inc.

v.

### The AMERICAN EXPRESS COMPANY.

### Civ. A. No. 77–1667.

United States District Court, E. D. Pennsylvania.

Sept. 28, 1981.

---

Ronald F. Kidd, Philadelphia, Pa., for plaintiff.

Lawrence D. Berger, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

The plaintiffs, a magazine and its publisher, negotiated with the defendant American Express to rent the defendant's cardholder list. The plaintiffs wished to use this list as their circulation list. According to the plaintiffs, the parties orally agreed that the plaintiffs could rent the list for six months. Plaintiffs arranged to begin publication but the defendant refused to permit them to use the list after the second month. The plaintiffs instituted this suit for damages for breach of the alleged oral contract or in the alternative, based upon the theory of promissory estoppel. The defendant moved for summary judgment in its favor relying upon two written contracts between the parties and the parol evidence rule. The contracts on their faces cover the rental of the defendant's cardholder list and are executed by the parties. Each contract provides specifically that the list is made avail-

able for one time only. Each contract contains an integration clause.

██ The parol evidence rule provides that the terms of a written contract cannot be varied, contradicted, added to, or modified by parol evidence. The rule operates when the written agreement purports to constitute the complete agreement of the parties. However, where it can be shown by competent evidence that no single writing embodies or was intended to embody the whole of the parties' understanding, parol evidence is admissible to add to the written agreement. *Crispin Co. v. Delaware Steel Co.*, 283 F.Supp. 574, 575 (E.D. Pa.1968); *International Milling Co. v. Hachmeister, Inc.*, 380 Pa. 407, 110 A.2d 186, 191 (1955). An integration clause is strong evidence that a contract is the complete agreement of the parties, but the presence of the clause is not conclusive. *See Betz Laboratories, Inc. v. Hines*, 647 F.2d 402, 406–07 (3d Cir. 1981) ("language of the 'integration clause' would be an *aid* in determining whether all facets of the transaction have been incorporated in the writing"), *See also International Milling Company v. Hachmeister, Inc.*, 380 Pa. 407, 110 A.2d 186, 190 (1955). Whether a writing is the entire agreement between the parties is a question of law for the court. *Walker v. Saricks*, 360 Pa. 594, 63 A.2d 9, 11 (1949); *Crompton-Richmond Co., Inc.-Factors v. Smith*, 253 F.Supp. 980, 983 (E.D.Pa.1966), *aff'd*, 392 F.2d 577 (3d Cir. 1967). If the agreement purports to be the complete agreement of the parties, the parol evidence may be abrogated by a number of exceptions. As a general rule, fraud, accident, mistake, duress or illegality are recognized

exceptions to the rule because they vitiate the contract. Without a written contract, the parol evidence rule has no application. Restatement (Second) of Contracts, Tent. Drafts No. 1–7, at 551 (1973).

██ Defendant argued at the hearing on defendant's summary judgment motion that the existence of the written contracts, each covering one monthly issue of the magazine, precluded plaintiff from offering any evidence of an oral agreement for six months because the written agreements were complete on their faces and the parol evidence rule prohibited evidence to vary or alter their terms. According to the defendant, no exception to the parol evidence rule was available to the plaintiff. Citing *Sokoloff v. Strick*, 404 Pa. 343, 172 A.2d 302 (1961), the defendant argued that Pennsylvania does not recognize the rule that the parol evidence rule does not apply where a party can show that the written contract was a sham. In addition, the defendant argued that in *Bardwell v. Willis Co.*, 375 Pa. 503, 100 A.2d 102 (1953), the Pennsylvania Supreme Court held that while a party could avoid the operation of the parol evidence rule by showing fraud in the execution of a written contract, it could not do so by showing fraud in the inducement.[1] The defendant contended that this case was exactly like the fraud in the inducement cases and therefore, Pennsylvania law provided no relief for the plaintiff.

After the oral argument, the defendant brought to my attention the very recent case of *Betz Laboratories, Inc. v. Hines*, 647 F.2d 402 (3d Cir. 1981).[2] Recognizing that the *Betz* case severely undercut the position it had taken at oral argument, defendant

---

1. The Pennsylvania courts differentiated the two concepts as follows: Fraud in the execution is involved when a party thinks he is signing one document and is actually signing a different one, either because important terms have been fraudulently added or omitted or because a wholly different agreement has been substituted. *Bardwell v. Willis Co.*, 100 A.2d at 104. Fraud in the inducement exists when a party executes a written agreement knowing the contents but relying upon prior fraudulent representations. *See Betz Laboratories, Inc. v. Hines*, 647 F.2d at 407.

2. By bringing this case to my attention, defendant's counsel fulfilled the duty imposed by the disciplinary rules. Rule 7–106(B)(1) provides:

 In presenting a matter to a tribunal, a lawyer shall disclose:
 (1) Legal authority in the controlling jurisdiction known to him to be directly adverse to the position of his client and which is not disclosed by opposing counsel.

 ABA Code of Professional Responsibility DR 7–106(B)(1) (footnotes omitted). Defendant's counsel is commended for this action.

attempted to distinguish the facts of the present case from those in *Betz*. Because I conclude that *Betz* thoroughly repudiates *Bardwell* and because I am unpersuaded by defendant's attempts to distinguish *Betz* from this case, I will deny the motion for summary judgment.

In *Betz*, the plaintiff had purchased a building from the defendant. *Id.* at 403. The purchase was covered by a written contract which contained an integration clause asserting that "there are no other terms, . . . representations . . . oral or otherwise, of any kind whatsoever." *Id.* According to the plaintiff in *Betz*, there had been an oral representation that the floor of the building was strong enough for plaintiff's purposes. In fact, after the purchase, Betz was forced to spend some $80,000 to make the floor suitable for its purposes. Betz then sued the defendants for breach of contract and fraud. Although the floor was not mentioned specifically in the contract, the district court in *Betz* concluded that it was not "collateral" to the written contract. *Id.* In other words, although the written contract was silent about the floor, the floor was a subject within the ambit of the contract. It followed from that conclusion that the oral representations concerning the floor would "alter or vary" the written contract's integration clause. Since the parol evidence rule prohibits the use of prior agreements to alter or vary the terms of an integrated written contract, the district court concluded that the parol evidence rule barred both an action on the contract and for fraudulent misrepresentation. *Id.* at 404. The plaintiff in *Betz* did not appeal the district court's decision on the breach of contract count but did appeal the court's conclusion that the parol evidence rule and the existence of a written contract prohibited it from suing the defendant for fraudulent misrepresentations orally made about the floor. On appeal, the Third Circuit held that the parol evidence rule did not prohibit the plaintiff from showing by clear and convincing evidence that it was fraudulently induced to enter into the contract.

In its letter to me of May 26, 1981,[3] defendant offers several reasons why *Betz* is inapplicable. First, defendant contends that the most significant difference between this case and the *Betz* case is that in *Betz* the written agreement was silent on the subject of the alleged oral agreement while in this case the written agreement does not address the matter which is the subject of the alleged oral agreement, the length of the rental. The defendant points out that in this case the written contracts say that the rental covers one monthly issue while the alleged oral agreement, if proved, would establish a rental for six months. I question whether two written contracts, each for one-time use in the list, are necessarily inconsistent with the alleged oral agreement for a six-month rental. The evidence may show that a six-month umbrella agreement was reached and the two written contracts are simply two documents in a contemplated series of six. Whether or not they are inconsistent is a matter that must be reserved for trial. For the sake of this motion and to illustrate defendant's misreading of *Betz*, I will assume that the written contracts and the alleged oral agreement are inconsistent. Nonetheless, this does not lead me to the defendant's conclusion that *Betz* is distinguishable. In interpreting *Betz*, the defendant mistakes the import of the written contract's silence on the subject matter covered in the alleged oral agreement.

In *Betz*, the contract which had an integration clause purported to be the complete agreement of the parties. Yet, it said nothing about the floor. It neither contradicted nor supported the plaintiff's alleged oral representations. This silence required the district court to determine, considering the subject of the written contract, whether the alleged oral representations were of a type that the parties would have been expected to include in the written contract. The district court concluded that they were of this type when it found that they were not

**3.** Defendant's letter was made part of the record, *see* docket entry number 61. The plain-

tiff's reply was also filed, *see* docket entry number 62.

"collateral." Because they should have been but were not included in the written contract, proving the oral agreement would be inconsistent with the integration clause. Thus the parol evidence rule prohibited their proof absent fraud.

■ The fact that the contract in this case does cover the subject matter of the alleged oral agreement only eliminates a step in the analysis that had been called for in *Betz*. The existence of an alleged oral agreement in this case is not only inconsistent with the integration clause, according to the defendant, but also it is inconsistent with a specific term of the contract. Thus, under defendant's theory, it is clear that the parol evidence rule applies in our case. It was not clear that it applied in *Betz* until the district court concluded that the oral representations about the floor were not collateral to the written contract. But once it is concluded that the parol evidence rule applies, the analysis is the same in *Betz* and in this case. In both cases, the question becomes whether the written contract is void or voidable. Proving fraud by clear and convincing evidence would vitiate the written contract, and as in *Betz*, overcome the parol evidence rule.

■ Secondly, the defendant argues that *Betz* is inapplicable because the plaintiff in *Betz* was seeking recovery for the tort of fraudulent misrepresentation while this plaintiff seeks a remedy for breach of contract and in the alternative, based on promissory estoppel. The difference in the underlying theories of recovery does not distinguish the cases for purposes of the parol evidence rule. The question is whether proof of a prior representation or agreement is barred in the first instance by the existence of an integrated, written agreement. If it is, the next question is whether there is cause to invalidate the written agreement. If there is, the written agreement falls, the parol evidence rule is rendered inapplicable in the absence of a written agreement, and the plaintiff can proceed to prove the oral representations. In *Betz*, as will frequently happen, the cause for invalidating the written agreement (fraud) was also part of the plaintiff's underlying claim for fraudulent misrepresentation, but this need not always be so.

Defendant's third argument is that *Betz* deals with an exception to the rule upon which this plaintiff does not rely. The defendant contends that the plaintiff is relying upon the "sham transaction" exception to the parol evidence rule. The plaintiff reports that it is not relying on the sham exception, however, I will consider the defendant's argument. According to the defendant, the leading Pennsylvania case on the sham exception is *Sokoloff v. Strick*, 404 Pa. 343, 172 A.2d 302 (1961). The defendant contends that in *Sokoloff* the Pennsylvania Supreme Court refused to recognize the "sham exception." The defendant argues that *Betz* left this holding intact.

*Sokoloff* appears to be concerned in large part with the plaintiff's failure to follow state court pleading rules requiring parties to plead facts with specificity. To the extent that *Sokoloff* does address the substantive law of the parol evidence rule, it discusses and relies upon the Pennsylvania cases dealing with fraud as an exception. In particular, it cites and quotes as controlling precedent *Bardwell v. Willis Co.*, 375 Pa. 503, 100 A.2d 102, the same case our court of appeals has predicted in *Betz* that the Pennsylvania court would no longer follow.

Even before *Betz, Sokoloff* was not sturdy support for the position that the sham exception does not apply in Pennsylvania. Earlier the Pennsylvania Supreme Court had held that "the parol evidence rule has no application where parol testimony reveals that the instrument never had any legal existence or binding force." *Smilow v. Dickerson*, 357 Pa. 455, 54 A.2d 883, 886 (1947). Thus, Pennsylvania law was in conflict on the sham exception as well as the fraud issue discussed in *Betz*. The holding in *Betz* is helpful in resolving this conflict because *Betz* is a recognition of the principle generally recognized elsewhere that parol evidence is always admissible to show that no contract exists. 4 S. Williston, *Contracts* § 634, at 1017 (3d ed. Jeager 1961). In *Betz*, the court said that fraud can be shown because it would vitiate the contract.

It is consistent with the holding to permit parol evidence to show that the parties never intended to form a contract.

Finally, there is specific support in *Betz* for recognition of the so-called sham exception. The *Betz* court quoted with approval and predicted that the Pennsylvania Supreme Court would follow this language from the Restatement Second of Contracts:

> What appears to be a complete and binding integrated agreement may be a forgery, a joke, *a sham*, or an agreement without consideration, or it may be voidable for fraud, duress, mistake, or the like, or it may be illegal. Such invalidating clauses [*sic*] need not and commonly do not appear on the face of the writing. They are not affected even by a 'merger' clause.

647 F.2d at 407–08, *quoting* Restatement (Second) of Contracts, Tent. Drafts Nos. 1–6, at 551 (1973) (footnote omitted; emphasis added). There is no reason to follow this language on the issue of fraud but not as it relates to sham transactions. Thus, it appears after *Betz* that Pennsylvania would recognize the sham exception to the parol evidence rule.

 Accordingly I conclude that the plaintiff has shown that it is a question of fact whether the plaintiff is entitled to recover. Therefore, I shall deny the defendant's motion for summary judgment.