# Williams v. Insurance Placement Facility

*Rudolph J. DiMassa,* for plaintiffs.
*Jay L. Edelstein,* for defendant.

LORD, *J.,* July 6, 1982—This matter involves a declaratory judgment proceeding by an insured against the insurer concerning the amount of coverage available under three separate insurance policies for three separate properties which were allegedly damaged by fire. Plaintiffs seek to have the court declare that the three policies should be stacked as to each of the three properties.

Initially, defendant, insurer, preliminarily objected on the ground, inter alia, that plaintiffs had already commenced an action in assumpsit, Williams v. Insurance Placement Facility, no. 1010, July term 1980, to recover on the policies and hence this action is merely repetitious of the existing assumpsit action. Though this court found merit in the position taken by defendant, plaintiffs were given leave to amend their complaint to set forth the legal basis for the stacking of the policies.

After reviewing the amended declaratory judgment complaint and the complaint in assumpsit, this court agrees with defendant's contention that the ultimate issue presented for resolution in this suit, whether these policies should be stacked, should be resolved in the suit in assumpsit and thus, the preliminary objections are sustained and the amended complaint is dismissed.

Though, by the very nature of plaintiffs' action, the relief prayed for in this action differs from the prior action, see, e.g., Sokoloff v. Strick, 404 Pa. 343, 172 A.2d 302 (1961), this court is of the opinion that a party can not seek a declaratory judgment concerning the damages recoverable on a contract claim when that party has an existing assumpsit claim on the same contract. To allow a declaratory judgment action to proceed under the circumstances of this case would be to usurp the trial court's function in the assumpsit action.

Moreover, the Declaratory Judgment Act, codified at 42 Pa. C.S. §7531-7541 (hereinafter act) supports this conclusion. The act does provide that the remedy available therein is in addition to other remedies, but it envisions that only one remedy be pursued. 42 Pa. C.S. §7541(b). For example, section 7541(b) states in pertinent part that "Where another remedy is available the *election* of the declaratory judgment remedy *rather than another remedy* shall not affect the substantive rights of the parties. . . ." 42 Pa. C.S. §7541(b) (Emphasis added).

Accordingly, the preliminary objections are sustained and the complaint for a declaratory judgment dismissed.