## Pickar v. Fino

*Nancy M. Wilson* and *Wayne W. Sougahen,* for plaintiff.

*Gregory Hammond,* for plaintiff.

*John A. Aranyos* and *Jon Marti,* for defendant.

WOLFE, *P. J.,* March 21, 1988 — Defendants have filed preliminary objections containing 11 counts to plaintiff's second amended complaint. De-

fendants seek a motion to strike, a demurrer and motion to dismiss for lack of jurisdiction.

Argument has been held on the objections and briefs filed which we have reviewed, and we make disposition of the objections as applicable to the complaint.

## I

Defendants argue the complaint must be stricken against defendant Helen S. Fino because initially this defendant was not served with the second amended complaint; however, defendant now acknowledges service subsequent to the filing of the preliminary objections and agrees this motion is moot.

## II

Defendants seek a motion to strike the entire complaint for lack of conformity to law in that it does not have a proper verification pursuant to Pa.R.C.P. 1024. The complaint is verified by counsel of record, Francis X. O'Brien Jr., Esq.

We agree this is an improper verification. Rule 1024(a) requires every pleading containing an averment of fact not appearing of record in the action, etc., is true upon the signer's personal knowledge or information and belief and shall be verified. Subsection (c) mandates the verification be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading.

Plaintiff argues a verification is not needed in any event because the rule requires a verification only when the facts do not appear of record and advances

the position that all of the facts alleged in the complaint appear of record and particularly argues "to the extent that plaintiff's second amended complaint alleges new or additional facts not previously verified in earlier pleadings, it alleges only facts admitted by defendant corporation in deposition taken by plaintiff. Having been taken through the testimony of duly sworn deponents, these facts are of record."

The trouble we experience in accepting this argument is depositions are not "facts" of record until the depositions are moved into the record. Depositions merely form the basis of proffered testimony at time of trial to support plaintiff's allegations.

Because plaintiff does not fall within the exceptions to be excused from verification, we will require it.

## III

Under count 3 of the preliminary objections, defendants seek to strike and/or a demurrer to the entire complaint as it does not definitively identify if the count is against Dr. Julius A. Fino, M.D., individually, or against Julius A. Fino and Associates Inc.

We find no merit to this preliminary objection. The second amended complaint under count 3 is subcaptioned "against Dr. Fino for breach of contract." The count commences with paragraph 31 and incorporates previous paragraphs 1 through 30. Thereafter the complaint speaks to Dr. Fino only and alleges he and Mrs. Fino "used a method of computing the net earnings of the practice that differed from the method initially indicated to Dr. Pickar. . . ." Paragraph 33 alleges Dr. Fino and Mrs. Fino increased the retirement benefits available to planned participants (reference to the pension plan

of Julius A. Fino and Assoicates Inc.); paragraph 34 alleges Dr. Fino in essence used business income for personal expenses, and together with the balance of the allegations concludes plaintiff has suffered damages by this alleged personal manipulation of the corporation's funds.

Thus, the essence of count 3 is Dr. Fino, together with Mrs. Fino, manipulated the corporation's assets, all of which caused a breach of contract between plaintiff and Julius A. Fino and Associates Inc.

Our conclusion is verified by plaintiff's count 4 which is subtitled "against Fino Inc., for breach of contract" and under paragraph 37 which incorporates paragraphs 1 through 36, inclusive, which includes count 3 and pleads in the alternative under paragraph 38 against Fino Inc. Thus, it is clear there is no "commingling" as to the identity of defendant Julius A. Fino, M.D., and Julius A. Fino and Associates Inc.

## IV

Defendants file a motion to strike and/or a demurrer to count 5 of the complaint. This count is an action subtitled "action against Dr. Fino holding him liable for Fino Inc., breach of contract."

The essence of this count is that defendant Dr. Fino individually manipulated the assets of Julius A. Fino and Associates Inc., between the years 1981 and 1982, and by reason thereof, as of October 31, 1984, the end of the last Fino Inc. fiscal year for which plaintiff received a balance sheet, the total assets of Fino Inc., were $90,646.12. Plaintiff then concludes, "This amount (assuming the fixed [sic] would yield full book value assets upon liquidation) is less than plaintiff will seek to recover in this action, so the corporate veil should be pierced to in-

sure that plaintiff will receive full satisfaction of any judgment entered in this action."

Accepting all of the allegations as true, as we must in considering a demurrer, we conclude, as a matter of law, plaintiff is not in a position to pierce the corporate veil. Plaintiff's claim is not liquidated. It is now well established the validity of a corporate entity will not be lightly disregarded. Any consideration of a request to pierce the corporate veil must begin with the premise the corporate entity is legally recognizable and will not lose its identity unless specific, unusual circumstances call for an exception. *Zubak v. Zubak,* 384 F.2d 267 (3d Cir. 1967). The corporate entity will be disregarded only when that entity is made to defeat public convenience, justify wrong, protect fraud or defend crime. *Sams v. Redevelopment Authority of New Kensington,* 431 Pa. 240, 244 A.2d 779 (1968). In *Kellytown Co. v. Williams,* 284 Pa. Super. 613, 426 A.2d 663 (1981) the court held:

"Even when a corporation is owned by one person or a family, the corporate form shields the individual members of the corporation from personal liability and will be disregarded only when it is abused to permit perpetration of a fraud or other illegality." *Kellytown* at 623, 426 A.2d at 668.

Instantly, our reading of count 5 falls woefully short of sustaining a verdict in favor of plaintiff, even viewing all of the facts alleged in the light most favorable to plaintiff. First, the corporation, as alleged, is not insolvent; and plaintiff is not a creditor of the corporation nor a shareholder or director or officer in that plaintiff has color of property right in the corporation. The count does not allege any fraud committed upon potential creditors which is the status of plaintiff but rather is replete with allegations Dr. Fino conducted personal business and corporate

business from corporate assets without approval of a board of directors. In our view if there is any merit to this count it is premature in that plaintiff is not a judgment creditor and plaintiff acknowledges defendant Julius A. Fino and Associates Inc. is solvent.

Indeed, plaintiff's brief admits the corporate veil should not be pierced at this time. The argument is advanced, however, that since plaintiff has pleaded a sufficient claim for piercing the veil, Dr. Fino should be personally liable for the corporation. We reject this argument simply for the reason even accepting the allegations to be true, plaintiff does have a cause of action alleged against Dr. Fino personally; and since plaintiff's claim is not vested, the corporation should not be opened on a mere expectation.

For these reasons we grant the demurrer.

## V

Defendants seek to strike or demur count 6 of the complaint in that plaintiff alleges the defendant, Dr. Fino, committed a fraud upon plaintiff in regard to representations made to plaintiff regarding the manner in which the net earnings of the medical practice would be computed, and the representations were made for the purpose of inducing reliance on them. The complaint alleges defendant failed to act properly and failed to inform plaintiff of material facts that were untrue, all to plaintiff's damage. Plaintiff incorporates by reference in this count against Dr. Fino personally for fraud, paragraphs 1 through 43, inclusive.

The preliminary objection is founded in the argument the fraud allegation is not pleaded with par-

ticularity. *Sokoloff v. Strick*, 404 Pa. 343, 172 A.2d 302 (1961), rule 1019(b) of Pa.R.C.P.

If plaintiff's allegations of fraud in count 6 were alleged without the incorporation of paragraphs 1 through 43, we would sustain the demurrer in that without the incorporated paragraphs the allegations of fraud are general in nature and without specifics. We must, however, consider the entire complaint and as such the complaint pleads specifically the existence of a contract between the parties, the terms of the contract, breach of the contract by Dr. Fino individually, and by Fino and Associates Inc., with allegations throughout defendants manipulated the association for their personal use and in breach of the contract with plaintiff. These allegations are very specific and if true would be tantamount to fraud. We therefore may not, in considering a demurrer, conclude there is no genuine issue of fact in this count or that it is not specifically pleaded.

## VI

Finally, we resolve counts 7, 8, 9 and 10 in aggregate as they are all bottomed in the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1961 and §1962.

Defendant demurs two of these counts, or in the alternative to strike on grounds of lack of jurisdication in the state courts.

To our knowledge there are no appellate court cases in this commonwealth dealing with the issue if, in a civil action, the state court has concurrent jurisdiction with the federal courts under the RICO Act. Our research and the cases given to us by counsel from other jurisdictions that have resolved the issue overwhelmingly defer jurisdiction to the federal level. The reasoning is found substantially in *Levinson v. American Acc. Reinsurance Group*, 503

A.2d 632 (1985), (Court of Chancery of Delaware). There, the court reasoned the jurisdictional language of the RICO Act does not explicitly limit jurisdiction to the federal courts; however, the court likened RICO to the Clayton Act and observed:

"Although there is some debate over whether RICO was patterned after the anti-trust laws, the jurisdiction language in the RICO Act is nearly identical to the jurisdictional provisions of the Clayton Act. . . . The jurisdictional provisions of the Clayton Act have been consistently interpreted to confer exclusive jurisdiction on federal courts for claims arising under the statute. . . . Furthermore, there is some evidence that Congress consciously followed the anti-trust laws in drafting the jurisdictional provisions of the RICO statute. . . ." *Levinson, supra.*

The court concluded the purpose of the RICO Act is to aid in eliminating organized crime in the United States, and as such the act is best served by exclusive federal jurisdiction. This reasoning was founded in the conclusion exclusive jurisdiction would facilitate uniform interpretation of the statute and furnish litigants with the expertise of federal judges in causes of actions arising under the federal law.

Instantly, what is a simple alleged breach of contract action has been parlayed through the pleadings into the perimeters of the RICO Act which in our view is not sustainable on the basis of these pleadings. In our opinion the allegations of the complaint are woefully inadequate to trigger a RICO remedy. By no stretch of the complaint or fair inferences of the allegations therein could it be legally concluded defendants are involved in racketeering or organized criminal activity to which plaintiff has fallen victim. Again, plaintiff will not be permitted to

plea a cause of action that is totally unfounded in the factual background to support plaintiff's claim for simple breach of contract. Although we do not resolve on the merits as again we are dealing with a demurrer, but accepting the pleading to be factually correct, it does not in our opinion support a RICO relief.

We conclude the better practice and the precedence does not give jurisdiction to state courts under the act. Notwithstanding, we dismiss counts 7 through 10, inclusive, on the basis of the demurrer filed as we conclude accepting all of the facts pleaded as true, the components of a RICO action do not exist as a matter of law. Plaintiff's attempt under count 7 against Dr. Fino and Mrs. Fino, both individually and against Fino Inc., engaged in interstate commerce by the letters transmitted between Dr. Fino and plaintiff, and conclude that the contents thereof was a scheme to defraud plaintiff is bordering on lubricity. The court in *Marshall-Silver Construction Co. Inc. v. Mendell Inc.*, 835 F.2d 63 (3d Cir., 1987) held there must be a "pattern of racketeering activity and the racketeering activity must be based in an advanced enterprise, the consequence of which is to decieve, defraud and relieve the victims of their assets." Either read and interpreted singularly or aggregately, the letters written inter se between plaintiff and defendant Dr Fino have no scintilla of evidence of racketeering activity.* So, too, in count 8 of the complaint wherein plaintiff attempts to identify the pension plan of Julius A. Fino and Associates Inc., as the "enterprise."

---

* These letters form the basis of a contract between the parties wherein plaintiff was invited by defendant Julius A. Fino and Associates Inc. to enter into the practice of obstetrics and gynecology with Dr. Fino.

We reject this attempt for the reason the pension plan is an integral part of the association. As defined in RICO, an "enterprise" is:

"Any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

From this plaintiff argues the Fino Inc. pension plan is a "legal entity or group of individuals associated in fact, if not a legal entity." We reject this argument as an attempt to create an identity to fit the definition of "enterprise." The pension plan is unable to exist by itself without the framework of the association. We agree with the defense the pension plan is an asset of the corporation. See *Witt v. South Carolina Bank,* 613 F. Supp. 140 (D.S.C. 1985), wherein the court held a bank trust and its trust department were not entities separate from the bank as would qualify as a RICO "enterprise."

For the foregoing reasons we enter the following

### ORDER

And now, March 21, 1988, plaintiff is directed to verify the complaint.

A demurrer is entered to counts 5, 7, 8, 9 and 10 of the complaint.

Plaintiff is granted 10 days to properly verify plaintiff's second amended complaint and thereafter defendants are granted 20 days to answer the complaint.