# Gwin v. Gwin

C.P. of Lawrence County, No. 10923 of 2012.

*Richard A. Harper,* for plaintiff
*Phillip L. Clark, Jr.,* for defendant

COX, *J.,* March 18, 2013—Before the court for disposition are the preliminary objections to counterclaim filed on behalf of the plaintiff John D. Gwin, executor of the estate of Ellen Mae Gwin, deceased, which argue that the defendant's counterclaim for breach of contract is legally insufficient as the defendant has failed to adequately aver an express contract giving rise to a duty to pay for services rendered during the decedent's lifetime. The plaintiff also contends that the counterclaim lacks specificity regarding the contract between the defendant and the decedent for services rendered during the decedent's lifetime.

The facts as averred in the complaint are as follows: The plaintiff and the defendant Barry E. Gwin are the sons of Ellen Mae Gwin (hereinafter "decedent"), who is deceased. The plaintiff was appointed as the executor of the estate of Ellen Mae Gwin as evidenced by letters

testamentary issued by the Register of Wills of Lawrence County on February 9, 2012. The defendant received several loans from the decedent during her lifetime. On November 2, 2003, the decedent loaned the defendant $30,000.00, but the defendant did not make the necessary payments on that debt. The defendant and decedent entered into a loan repayment agreement on February 4, 2009, in which the defendant agreed to monthly payments of $500.00 on the loan that accrued interest making the total amount owed $44,000.00. The decedent loaned the defendant an additional $10,000.00 in 2008, which the defendant agreed to repay.

The plaintiff avers that the defendant currently owes $2,500.00 on the 2008 loan and the entirety of the $44,000.00 debt stated in the loan repayment agreement. The plaintiff filed suit August 2, 2012, seeking to recover those amounts from the defendant. On August 22, 2012, the defendant filed an answer to complaint and counterclaim. In his counterclaim, the defendant averred that he provided the decedent with substantial services, including food and other sustenance, for a period of 26 years at the decedent's insistence. He is seeking reimbursement in the amount of $48,260.00 for those services and expenditures. In response, the plaintiff filed these preliminary objections to counterclaim arguing that the defendant failed to state a claim for breach of contract as he failed to allege facts establishing there was an express contract in which the decedent agreed to pay for the alleged services and the counterclaim lacks specificity because it fails to specify the dates, times and value of the alleged services provided

to the decedent.

"A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient." *Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008) (citing *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa. Super. 2001)). A demurrer must be resolved based solely on the pleadings, no testimony or evidence outside of the complaint may be considered to dispose of the legal issue presented, *Id.* "All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007) (citing *Cardenas*, 783 A.2d at 321). A demurrer will only be sustained in cases where the complaint fails to set forth a valid cause of action. *Lerner v. Lerner*, 954 A.2d 1229, 1235 (Pa. Super. 2008) (citing *McArdle v. Tronetti*, 426 Pa. Super. 607, 627 A.2d 1219, 1221 (1993)). If a doubt exists regarding whether a demurrer should be sustained, the doubt must be resolved in favor of overruling the demurrer. *R.W. v. Manzek*, 585 Pa. 335, 351, 888 A.2d 740, 749 (2005)(citations omitted). Fact-based defenses are irrelevant when ruling on a preliminary objection in the nature of a demurrer. *Werner v. Plater-Zyberk*, 799 A.2d 776, 783 (Pa. Super. 2002) (citing *Orner v. Mallick*, 515 Pa. 132, 135, 527 A.2d 521, 523 (1987)). "A 'speaking demurrer' is defined as 'one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected, or in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection

and is condemned both by the common law and the code system of the pleading." *Regal Indus. Corp. v. Crum and Forster, Inc.,* 890 A.2d 395, 398 (Pa. Super. 2005) (quoting Black's Law Dictionary 299 (6th ed. 1991)). The court is not permitted to consider a speaking demurrer in rendering its decision on preliminary objections. *Id.*

There is no recovery for services provided by a child and parent in the absence of an express contract to pay for those services. *Appeal of Miller,* 100 Pa. 568 (Pa. 1882) *see also In re Shadle's Estate,* 30 Pa. Super. 151 (1905). There is no implied contract unless there is direct, clear and positive proof of an express contract where a child takes his parents into his house and supports them. *Id.* "Thus the rule that for services rendered a parent cannot recover from a child, or a child from a parent, in the absence of an express contract to pay for them, even though the child is of full age and lives in a home of his own." *Young v. Hipple,* 273 Pa. 439,447, 117 A. 185, 188 (1922) (citations omitted). "The law implies no promise on the part of a parent to pay for services rendered, or support or attendance given, by the child as such, even after the child has become of age, and in the absence of clear and distinct proof of an expressed contract, no allowance can be made or recovery had from a parent's estate on such a claim." *In re Dettenmaier's Estate,* 13 Pa. Super. 170 (1899) (citing *Appeal of Candor,* 1843 WL 5086 (Pa. 1843); *Murphy v. Corrigan,* 161 Pa. 59, 28 A. 947 (1894)). This type of contract is treated with disfavor under Pennsylvania law, so to establish a contract in these circumstances the proof must be clear, distinct and satisfactory. *Id.* "The terms of

such a contract must appear, from the evidence, to have been definite and certain. Mere loose declarations of the decedent are not sufficient." *Id.* (citations omitted).

It is apparent that the well-established law in Pennsylvania does not favor implying a contract in a situation where a parent cares for a child or a child cares for a parent. This is a situation in which the law implies that these acts were performed gratuitously without clear evidence of an intention on behalf of the parent or child to pay for those services. However, that does not mean that a child cannot recover money spent while caring for a parent. It is incumbent upon that child to demonstrate that his or her parent agreed to reimburse the child for those expenditures. In the current case, the defendant has failed to adequately aver that the decedent agreed to pay for the services rendered during her lifetime. Absent such allegations, there is no basis in Pennsylvania law for the defendant to recover any expenses he may have incurred. Although a cause of action may exist if an express agreement was stated in the counterclaim, the defendant has failed to aver that any agreement to pay for the services rendered by the defendant was expressed by the decedent. Therefore, the court sustains the plaintiff's first preliminary objection and the defendant is granted leave to amend his counterclaim.

Next, the plaintiff claims that the defendant's counterclaim lacks specificity as he failed to aver with specificity the time, extent or value of the each service rendered and there are no specific allegations regarding

the decedent's agreement to pay for those services.

The specificity of a pleading is governed by Pa.R.C.P. No. 1019, which states "(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pennsylvania is a fact-pleading jurisdiction, which requires the plaintiff to provide the defendant with notice of what the plaintiff's claim is and the grounds for the claim. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Com'n (PGC)*, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008) (quoting *Sevin v. Kelshaw*, 417 Pa. Super. 1, 611 A.2d 1232, 1235 (1992)). Additionally, the plaintiff must summarize the facts essential to support the claims. *Id.* "The rule requires a plaintiff to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action. The pleading must be sufficiently specific so that the defending party will know how to prepare his defense." *Commonwealth ex rel. Pappert v. TAP Pharmaceuticals Products, Inc.*, 868 A.2d 624, 635 (Pa. Cmwlth. 2005) (citing *Department of Transportation v. Shipley Humble Oil Co.*, 29 Pa. Cmwlth. 171 370 A.2d 438 (1977)). The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses that are asserted in the case. *Krajsa v. Keypunch, Inc.*, 424 Pa. Super. 230, 236, 622 A.2d 355, 357 (1993). "The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense, and they must be sufficient to convince the court that the averments are not merely subterfuge." *In re Estate of Schofield*, 505 Pa. 95,

477 A.2d 473 (1984) (citing *Sokoloff v. Strick*, 404 Pa. 343, 172 A.2d 302 (1961); *Hornsby v. Lohmeyer*, 364 Pa. 271, 72 A.2d 294 (1950); *Rice v. Braden*, 243 Pa. 141, 89 A. 877 (1914)). "A more specific complaint will not be required where the details requested are evidentiary in nature." *Hock v. L. B. Smith, Inc.*, 69 Pa. D. & C. 2d 420, 423 (Pa. Com. Pl. Columbia 1974) (citing *General Acceptance Corp. v. Wilson*, 40 Northumb. L. N. 54).

In the case sub judice, the defendant's counterclaim lacks the requisite specificity as it merely sets forth that the defendant provided the decedent with substantial services, food and sustenance. The counterclaim also avers that the decedent requested those services throughout her lifetime. However, the counterclaim does not establish a valid contract between the defendant and the decedent, nor does it state that the decedent agreed to pay for the aforementioned services. Moreover, the defendant has failed to adequately aver specific details of the services rendered, including the type of services, the date of those services and the amount owed for each service rendered. As the previously cited case law indicates, the defendant was required to provide direct, clear and positive proof of an express contract to pay for those services. The defendant has failed to aver that the decedent expressly agreed to pay for those services and did not adequately explain the specific details of the services provided. Therefore, the court sustains the plaintiff's second preliminary objection and the defendant is granted leave to amend his counterclaim to plead the same with more specificity.

For the reasons set forth in this opinion, the plaintiff's preliminary objections are sustained and the defendant is granted leave to amend his counterclaim.

## ORDER OF COURT

Now this March 18, 2013, this case being before the court on February 25, 2013, for oral argument on the preliminary objections to counterclaim filed by the plaintiff, with both parties appearing through their counsel, the plaintiff represented through, counsel, Richard A. Harper, Esquire, and the defendant represented through counsel, Phillip L. Clark, Jr., Esquire and after consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the preliminary objections to counterclaim filed by the plaintiff are hereby sustained.

2. The counterclaim filed by the defendant is hereby dismissed, without prejudice.

3. The defendant shall have twenty (20) days from the date of receipt of this order of court to file an amended counterclaim.

4. The prothonotary is directed to serve a copy of this order of court upon counsel of record, Richard A. Harper, Esquire and Phillip L. Clark, Jr., Esquire.